**THE PEOPLE OF THE VIRGIN ISLANDS,**
Plaintiff

v.

**GERALD CAINES, Defendant**

Criminal No. 3-1938

District Court of the Virgin Islands

Div. of St. Croix, Christiansted

May 7, 1938

**HASTIE,** *Judge*

In the present motion, and also before the jury was impanelled, the defendant has challenged the validity of the law which prescribes an essential part of the procedure for selecting the general panel. That law, a Resolution approved July 1, 1937 (Mun. Council of St. Croix, Bill No. 34, passed June 25, 1937, app. July 1, 1937), provides that the list of electors for Saint Croix for the year ending March 31, 1937, shall "be, and the same are hereby constituted valid election lists for the purpose of selecting jurors to serve in the District Court of the Virgin Islands, Division of Saint Croix, until such time that new and proper election lists are prepared in accordance with the provisions of the Organic Act of the Virgin Islands." It is now complained, first, that men under twenty-five years of age and all women are excluded from the list in question and from jury service; and, second, that other persons qualified for jury service are excluded because the lists were compiled prior to January 1, 1937, the date upon which the franchise was broadened by removing property qualifications. See section 17 of the Organic Act (June 22, 1936, ch. 699, § 17, 49 Stat. 1181; prec. 1 V.I.C.; 48 U.S.C. § 1405p).

■ The [1921] Code (Title V, chapter 12, section 2, paragraph 3)■ provides that a juror "must be a male inhabitant of the district, over twenty-five years of age, in possession of his natural faculties, of sound mind, and

must have resided within the district for six months." If these restrictions are valid, the elimination of men under twenty-five years of age and all women from the list of those eligible for jury service was proper.

■ Section 17 of the Organic Act (supra) extends the right to vote to women. But a constitutional or a statutory mandate that women shall be allowed to vote does not, in itself, make women eligible for jury service. It still remains competent for the legislature to exclude women from jury service. State v. Kelly, 35 Ida. 668, 229 Pac. 659; People v. Murray, 341 Ill. 23, 173 N.E. 145, 71 A.L.R. 1327; New Jersey v. James, 114 Atl. 553, 16 A.L.R. 1141; State v. Mittle, 120 S.C. 526, 113 S.E. 335, writ of error dismissed, 260 U.S. 705, cert. denied, 260 U.S. 744. The existing provision of our local law that a juror "must be a male inhabitant" is an explicit requirement that women be excluded from jury service. The Court must give effect to that mandate.

■ The requirement that jurors be over twenty-five years of age is somewhat unusual, but does not infringe any right of the defendant. It is not in conflict with the Organic Act (supra) which is silent on the matter of qualifications of jurors. Nor is it conceivably a denial of any "principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." See Snyder v. Mass., 291 U.S. 97, 285. Many State legislatures, at some time, have prescribed upper and lower age limits for jury service. Thus, it was formerly provided by the Maryland code that "no person shall be summoned and returned on the panel as a juror who may not have arrived at the age of twenty-five years." See Green v. State, 59 Md. 123, 43 Am. Rep. 542, 543. If our legislature considers that wise and fair judgment upon evidence is better assured by a requirement that jurors be at least twenty-five years of age, the Court cannot

416

characterise that action as unreasonable. Certainly no fundamental right of the defendant is infringed.

Counsel for the defendant has argued that the age and sex limitations upon the franchise are survivals from Danish law and that the general legislative scheme has been and is to make the franchise and jury service co-extensive. Upon this basis it is contended that recent changes in voting qualifications should effect similar changes in jury qualifications. But the explicit statutory restrictions which are now in question are not susceptible to such repeal by implication. Until the legislature shall change these qualifications, men who have not reached their twenty-sixth birthday and all women must continue to be ineligible for jury service.

 Different issues are presented by the contention that the electoral lists, approved by the Resolution of July 1, 1937 (supra), for use in jury selection, do not include a class of persons now eligible to vote but ineligible at the time these electoral lists were compiled because of property qualifications then, but no longer, in force. See section 18 of the Colonial Law (of Apr. 6, 1906; prec. 1 V.I.C.) for the Danish West India Islands (Amalienborg Code, 1906). However, it is the opinion of the court that the Resolution making the 1936 – 1937 list of electors "valid election lists for the purpose of selecting jurors" does not prevent the names of persons without property, but otherwise qualified, from being placed on the general panel.

Section 5 of chapter 12, Title V (1921 Code)█, provides that the Jury Commission shall add to the electoral list "the names of all persons within the municipality who are known to be competent jurors." Both before and after the broadening of the franchise, the Jury Commission might add names to the basic electoral list before

the selection of the general panel. There is no evidence before the Court that the Jury Commissioners have failed or refused to add the name of any person to the present list because he is lacking property qualifications. The absence of any such proof is fatal to the defendant's contention.

■ A second contention in the present motion for a new trial is that the Court erred in permitting the Director of Police to testify, over objection of the defendant, to incriminating admissions by the defendant to the Director at the scene of the accident during a Police investigation which occurred not more than thirty minutes after the accident. Such oral admissions, though not under oath and not preceded by a warning that they may be used against the defendant, are competent evidence unless prompted by force, threats, or some other improper inducements. Howard v. State (Ga. App.) 179 S.E. 553; State v. Whaley, 210 Wis. 157, 245 N.W. 93. In all such cases, the basis of exclusion is the untrustworthiness of admissions obtained by means reasonably calculated to cause a person to speak falsely even though his words are self-incriminating.

In the present case there is evidence that the Director of Police, on arriving at the scene of the accident, addressed the defendant, saying: "Man, you must have been going with a hell of a speed." This statement is relied upon as tending to induce a false admission of guilt. However, such a remark, standing alone, is not sufficient circumstance to invalidate consequent admissions. Indeed, the testimony shows that the defendant denied the imputation of excessive speeding, but admitted other negligent conduct. This evidence was competent.

■ Testimony concerning the distance traveled by the defendant's automobile on the dirt and grass shoulder of the road after it left the macadam and immediately

before and after the accident is said to have been unfairly prejudicial. But this evidence was highly relevant to the issue of due care. And if, as the defendant now contends, any caution should have been given the jury concerning the use to be made of this evidence, an appropriate instruction should have been requested. No such instruction was requested and, on reading the testimony, the court is convinced that no prejudice resulted.

■ It is contended further that a verdict should have been directed for the defendant because no reasonable man could have been convinced beyond a reasonable doubt that the defendant's manner of driving was the proximate cause of the catapulting of the deceased from the truck to the highway. There is evidence that immediately before the accident the deceased was standing in a precarious position. There is also evidence that as the truck left the macadam, its rear end swerved toward the center of the highway. Moreover, it is undisputed that the deceased was thrown across the highway so that his body was near the edge opposite that along which the truck was traveling. Thus, the fact that the deceased was standing in an unsafe position was but one of the factors to be considered by the jury in determining whether negligence of the defendant or some other circumstance was the responsible and proximate cause of the injury.

■ Finally, it is said that a new trial should be granted because the District Attorney, in his summation to the jury, expressed the opinion that the statement "Where are you going?" made by a person in the truck just before the accident, was addressed to the driver and not to the deceased. The witness, called by the government, testified that he made the remark in question and addressed it to the deceased. In objecting to the District Attorney's interpretation of this remark, counsel for the defendant pointed out, in the presence of the jury,

that the witness had testified that the remark was addressed to the deceased. The Court corroborated this statement of counsel and cautioned the jury accordingly. In the circumstances, it seems to the court that any advantage resulting from this episode was an advantage accruing to the defendant in thus having the jury reminded of the statement in question and the fact that it was addressed to the deceased. No basis for a new trial is afforded by this episode.

The record reveals no prejudicial error, and the motion for a new trial must, therefore, be denied.