MITCHELL GREEN, Colored *vs.* THE STATE OF MARY-
LAND

*Writ of Error—Qualification of Grand and Petit Jurors—
Motion in arrest—Exemption—Disability—Drawing of Ju-
rors—Insufficient reason for Disturbing the verdict, or Arrest-
ing the judgment—Construction.*

A writ of error will not lie where it is based on facts not in or on
the record.

The fact that one of the grand jury indicting a person, and one of
the petit jury which tried and convicted him, were over the age of
seventy years, does not form proper ground for a writ of error.

An objection of this sort, made by motion in arrest of judgment, is
made too late to be of any avail.

A proper construction of the several provisions of our law on the
subject of the qualifications of jurors, gives an exemption to per-
sons over seventy, and does not create a disability.

The general method prescribed for drawing jurors is mandatory, and
substantial compliance with the provisions thereof in respect to
the selection and drawing of jurors is necessary to make the jury
a legal one; and unless the selections are made by the Judge in
the manner pointed out by the statute, exception at the proper
time and in the proper way may be successfully taken to a jury
improperly chosen or drawn.

The weight of authority is strongly in support of the doctrine, that
the duty imposed on the Clerk of the Commissioners about the
list of male taxables, not known to him to be under twenty-five
years, and upon the Judge in respect to the selection of persons
from the box over twenty-five and under seventy, is directory only.

The statute ought to be understood as only granting an exemption
and not creating a disability, as to persons over seventy years.

If by mistake an exempted person is drawn on the grand or petit
jury, and he choose to waive his privilege, and give no information
of his age or cause of excuse, and preferring to serve, does serve,
this is no reason for anybody's complaining, nor is there any sound
reason for disturbing the verdict, or arresting the judgment because
of the presence of such person on the jury.

A law must be accorded such construction as will most reasonably accomplish the legislative purpose.

WRIT OF ERROR to the Circuit Court for Queen Anne's County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STONE, GRASON, ALVEY, and IRVING, J.

*A. R. Weedon*, for the plaintiff in error.

*Charles J. M. Gwinn, Attorney-General*, for the defendant in error.

IRVING, J., delivered the opinion of the Court.

The plaintiff in error having been indicted, and convicted of forgery, by the verdict of a jury, in the Circuit Court for Queen Anne's County, moved in arrest of judgment, because a member of the grand jury indicting him, and one of the petit jury which tried and convicted him, were over the age of seventy years. The Court overruled the motion, and the case was brought to this Court on a writ of error. The same reasons are assigned here, and relied on, as ground of error.

The question presented is, does our statute, on the subject, render persons over seventy years incompetent to serve as grand or petit jurors; so that, if a person over seventy years does actually sit on the jury finding the indictment, or the one trying the issue, the finding or verdict is thereby rendered void?

The first section of Article 50, of the Code of General Laws, provides, that "*no person shall be* summoned and returned on a panel as a juror who may not have arrived at the age of twenty-five years." The second section pro-

vides, that "*no Judge of the Orphans' Court shall be summoned* as a juror." The third section says, "all persons over seventy years of age, and all delegates, coroners, schoolmasters and constables during their continuance in office *shall be exempt* from *attendance* as jurors." These several provisions existed when, by law, the sheriff chose and summoned the jury. They are still the law, notwithstanding the mode of selection has been changed. A new system was introduced by the Act of 1867, chapter 329, which was amended by 1870, chapter 410. The first section of the last mentioned Act requires the clerk of the county commissioners, for each county, within a prescribed period, before the beginning of certain terms of the Court, to make a list of the male taxables, inhabitants of the county *not known* to him to be under twenty-five years of age, and to certify the same to the Court. From this list and the poll books of the election districts of the county used at the preceding election in the county, by the second section of the last mentioned Act, the Judge is directed to select the names of persons to be placed in the box from which to draw the jury for the ensuing term. The sixth section of the Act enacts, that "the name of no person disqualified or exempted by existing law from serving as a juror, or who by existing law the sheriff is forbidden to summon, as such, shall be selected and placed upon the panel or list from which the drawing is to be made as directed by this Act, nor shall any person be drawn and summoned to two Courts successively, but the selection or drawing of any person disqualified as a juror shall not invalidate the drawing or selection, but such error may be corrected by drawing another person from the box in the place of the person improperly selected or drawn." It is further provided in the same section, that on the return by the sheriff that any person is absent, dead or disabled the Court or Judge may draw another in his stead. Power is also given the Court to coerce attendance.

We think the Circuit Court was right in holding, there was no sufficient ground for arresting the judgment. According to all the authorities an objection of this character should have been made at an earlier stage of the cause, to be of any avail. 1 *Bishop on Criminal Procedure, 3rd Edition, section* 886 ; *The King vs. Sutton,* 8 B. & C., 417 ; *Queen vs. Sulivan,* 8 A. & E., 831 ; *Burton vs. Ehrlich,* 15 Pa. St., 236 ; *Stone vs. People,* 2 Scam., 326 ; *Dayharb vs. Enos,* 1 *Selden,* 531 ; *Brown vs. State,* 7 *English, (Ark.)* 623 ; *Thrall vs. Smiley,* 9 Cal., 529 ; *Haight vs. Halley,* 3 *Wendell,* 258 ; *State vs. Ward,* 2 *Hawks.,* 443 ; *State vs. Call,* 9 *Hump.,* 626 ; *Wilcox vs. School District No.* 1, *in Lempster,* 6 *Foster, (N. H.)* 303 ; 1 *Pick.,* 38 ; *Monroe vs. Bingham,* 19 *Pick.,* 368 ; *Clare's Appeal vs. The State,* 30 *Md.,* 163. In *Shane vs. Clarke,* 3 *H. & McH.,* 101, where a juror was discovered after verdict not to have taken the oath of allegiance to the State, it was deemed a sufficient ground for the exercise of discretion in granting a motion for a new trial. Here the motion is not for new trial but in arrest. In *Rex vs. Sutton* already cited, alienage was held a ground of challenge, but not to disturb the verdict. In this case the writ of error did not lie, and the same must be dismissed for it is based on extrinsic facts not in and on the record. The reasons assigned did not form proper ground for a writ of error. But as the object was to obtain the view of the Court on an important question of great public importance, we will give our views of it. We think a proper construction of the several provisions of our law on the subject gives an exemption to persons over seventy, and does not create a disability. The general method prescribed for drawing juries is mandatory, and substantial compliance with the provisions thereof in respect to the selection and drawing of jurors is necessary to make the jury a legal one ; and unless the selections are made by the Judge in the manner pointed out by the statute, exception, at the proper time, and in the proper

way, may be successfully taken to a jury improperly chosen or drawn; otherwise the statutory provisions would be wholly nugatory. But in respect to the direction about age, the weight of authority is strongly in support of the doctrine, that the duty imposed on the clerk of the commissioners about the list of male taxables, "not known to him to be under twenty-five years, and upon the Judge, in respect to the selection of persons from the box, over twenty-five and under seventy, is directory only. The law requires of them, of course, the *honest* exercise of their judgment respectively, as to the age of the persons put on the list, or placed in the box; but it is impossible for the clerk to know with absolute certainty who is under and who is over twenty-five years of age. The statute provides no method of ascertainment. He is only directed to exclude such persons from the list as are *known to him* to be under twenty-five. All over that *age, he* is to put on, for the Act of 1870 omits the provision for excluding all over sixty-five, which was in the Act of 1867. This omission is important as indicating legislative intent in the change. There can be no doubt that wilful disregard of duty in this particular, would be punishable; but a simple mistake cannot and ought not to affect the validity of the list which he makes for the Court's guidance. Where the jury is selected and drawn, it would be impossible for the Judge to know with certainty whether all the persons he selects for the box are under seventy or over twenty-five. Ascertainment at the time of drawing and selecting is impracticable, and not provided for. His judgment is his guide. *Proffatt on Jury Trials, sec.* 130; *Maxwell on Interpretation of Statutes,* 337; *Hardcastle on Construction of Statute Law,* 121; 1 *Bishop Crim. Pr.,* (*3rd Ed.*) *sec.* 875; *Cole vs. Perry,* 6 *Cowen,* 584; *State vs. Gillick,* 7 *Clark,* (*Iowa,*) 287.

If the Judge makes a mistake the statute directs how it may be corrected, and expressly declares it shall not viti-

ate the drawing.  The law directs the selection to be made for the box with especial reference to the intelligence, sobriety and integrity of the jurors; and in *prohibiting* the selection of a person under twenty-five, it would seem to proceed on the supposition, that ordinarily persons under that age, have not the intelligent experience in business matters to properly qualify them for jury service; and in *exempting* persons over seventy, the law makes a concession of immunity to them in view of their age, and relieves them from duties so long borne and discharged. It cannot be supposed the Legislature deemed such persons lacking in the qualifications of jurors.  They may occupy, after that age any of the offices of the Government, and at that age their judgments may be supposed to be more mature.  Obvious reasons exist for excluding Judges of the Orphans' Court, with respect to whom, and persons under twenty-five, the language used is prohibitory.  With respect to the persons named in the third section altogether different language is used, which suggests a different intent respecting them.  They are *exempted* only—that is they are competent but not compellable.  The Act of 1858, chapter 139, first exempted persons over seventy. It says " they are hereby exempted and *relieved from serving as jurors* in all cases."  The codifiers have omitted all after the word exempted.  The omitted words show most clearly that it was a personal privilege which was accorded, —relief from the duty, if they chose to avail themselves of it.  Webster says, "exemption" is "immunity," "a privilege," and illustrates by applying it to military and jury service: "as exemption from military or jury service."

The authorities in unbroken line concur in holding language like *this* with reference to jurors, as only giving "a privilege," and not creating a disability.  The Statute of 13 Edward I, chap. 58, exempted men above seventy years from all jury service; but it was held to be a privilege and not a disqualification.  3 *Black. Com.*, 364;

*Bacon's Abridgment, Title Juries, letter E,* 6. In Texas, with greater liberality and deference to age, the statute exempts from jury service at sixty. Referring to this English Statute, and the construction of it, it was there determined that it conferred the privilege of exemption only, and did not disqualify. *Breeding vs. State,* 11 *Texas,* 258.

· The statute of Maine exempts from jury service "all United States officers and coroners, and directs they shall not be placed on the lists." Construing this statute, the Court said in *State vs. Quimby,* 51 *Maine,* 395, that *a postmaster* was *exempted* only and not disqualified. The Court said that exemption pre-supposed qualification, and such exemption was a personal privilege, with which the parties to the cause had no concern, and "that it was no ground of challenge;" though the Court on suggestion, would not hold the juror to duty. A like ruling was made on the same statute in the case of *State vs. Wright,* 53 *Maine,* 328. In *Fellow's Case,* 5 *Maine,* 333, the Court held a constable, whom the statute *exempted,* competent, but not compellable. In the case of *Inhabitants of Amherst vs. Inhabitants of Hadley,* 1 *Pickering,* 38, a juror was drawn contrary to the provisions of the statute, and the fact did not come to the knowledge of the prisoner till after verdict. It was held to be no ground for setting aside the verdict; that though it was an irregularity, the objection should have been made at an earlier period. This was a capital case.

In *Munroe vs. Brigham,* 19 *Pickering,* 368, we have the case of a juror over sixty-five, where the statute exempted all persons over sixty-five. The statute also gave the parties a right to except on account of a juror's age. The exception was not taken till after verdict. The Court held it was no ground for setting aside the verdict. It was not a disqualification.

In Iowa justices of the peace and ministers of the gospel are exempted from jury service, and the Courts have

held it to be a personal privilege only, and not a disquali-
fication.   *State vs. Adams*, 20 *Iowa*, 486.

In New Hampshire, ordained ministers are exempted
from jury service, and their names forbidden to be put on
the lists of jurors; but in *State vs. Forshner*, 43 *N. H.*,
89, which was a case of rape, the Court held the exemp-
tion to be a personal privilege and not a disqualification,
and that the parties to the suit had no concern with it.
We think the statute under consideration ought to be
understood as only granting exemption and not creating a
disability, as to persons over seventy years.  If that be
the sole object of the law in that regard, as we think it is,
then the direction to the Judge not to put any exempted
person in the box, is in the interest of the exempted class,
and not for the benefit of litigants, or for the advance-
ment of public justice.   The direction is intended to save
the person exempted, the necessity, and perchance, the ex-
pense, of claiming his privilege, and the Judge cannot in
the discharge of his duty put the name of such person in
the box if he knows the fact of his exemption.   A mis-
take, however, cannot possibly work injury to anybody but
the juror drawn.   A law must be accorded such construc-
tion as will most reasonably accomplish the legislative
purposes, and the construction we adopt, we think, carries
out the whole legislative intent.   Any other construction
ascribes a meaning which has no solid reason to rest upon.
If the sheriff selected the jury, as he did formerly, it can-
not be doubted that the same construction would be ac-
corded this provision respecting exemption, as has been
given the Statute of Edward I.

The mode of selection is changed, and the direction to
the Judge is only to carry out the objects intended by the
law existing when the new mode was introduced.  If by
mistake an exempted person is drawn, and he chooses to
waive his privileges, and gives no information of his age,
or cause of excuse, and preferring to serve, does serve, we

can see no reason for anybody's complaining; and above all no sound reason for disturbing the verdict, or arresting the judgment because of the presence of such person on the jury. Schoolmasters and members of the Legislature are exempted in the same sentence and by the same language. It cannot be supposed the Legislature intended to say they lacked the requisite qualifications for jurors, and were incompetent as such. If one of them should be drawn, and should serve without claiming to be excused, who could be damnified? If no injury could result, there is no ground of complaint. Exemption imports competency, and the immunity should only be claimed by the privileged person. The presence of such person on the grand or petit jury ought not to be held sufficient to justify quashing an indictment or arresting a judgment.

The case of *State vs. Quimby*, 51 *Maine*, 395, already cited, decides that the same rule and test will be applied to both grand and petit jurors, and we think that is right.

Inasmuch as we think this is not a case in which a writ of error will lie, the assignment of errors will be quashed.

*Assignment of errors quashed.*

