(Decided January 7th, 1897.)

---

RICHARD BUSEY and Others *vs.* THE STATE OF MARYLAND.

*Criminal Law—Appeal—Motion to Strike Out Verdict Because a Juror was Disqualified—Challenge to Juror.*

After appellants had been found guilty by a jury upon an indictment for assault and battery a petition was filed to strike out the verdict because one of the jurors had been convicted of larceny and not pardoned. The petition was dismissed and afterwards an agreed statement of facts and affidavit relating to the disqualification of the juror was filed. Sentence was imposed and the appellants appealed therefrom, alleging that the Court erred in overruling the motion to strike out the verdict. *Held*, that the question is not properly before this Court, since the motion cannot be treated as one in arrest of judgment, the reason assigned not being apparent on the face of the record ; and if it be taken as a motion for a new trial, no appeal lies ; and if the appeal be regarded as a petition upon writ of error it must be dismissed because based upon extrinsic facts not shown to have been before the trial Court at the time of the ruling complained of.

After the rendition of a verdict of guilty upon an indictment it is too late to object that one of the jurors had been convicted of larceny and not pardoned therefor, such conviction being only a ground for challenge, and not rendering the juror incompetent to act.

After a party was convicted of assault and battery he sought to set aside the verdict because one of the jurors rendering it had been convicted of larceny and not pardoned. The only evidence was an affidavit of defendants' counsel that he had been informed of the conviction after the jury had been empanneled. *Held,*

1st. That the ignorance of defendants' counsel does not imply the ignorance of the defendant himself, and if a party knows of a cause of challenge to a juror and does not take advantage of it while the jury is being empanneled, he cannot avail himself of the disqualification afterwards.

2nd. That even if the defendant was ignorant of the disqualification of the juror it would be immaterial in this case, because he might have known it, and also because the conviction of larceny was not an absolute disqualification of the juror, but only a ground of challenge.

Appeal from the Criminal Court of Baltimore. After the conviction of the appellants motions for a new trial and in arrest of judgment were overruled by the Supreme Bench of Baltimore City.

The cause was submitted to the Court for the appellant on brief, by *T. C. Ruddell* and *Sidney Hall.*

The Court declined to hear *Harry M. Clabaugh, Attorney-General,* and *Robert M. McLane, Jr., Deputy State's Attorney for Baltimore City,* for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellants were indicted with one John Marley for assault and battery, tried and convicted. Thereupon, on the 16th June, a motion in arrest of judgment was filed, and on the 18th June a motion for a new trial. On the 19th June Richard Busey petitioned the Court to strike out the verdict, because the sealed verdict brought in by the jury was not signed by William Holland, one of the jurors. On the same day Charles Busey and Michael Murphy peti-

tioned the Court to strike out the verdict, because one of the jurors, William Holland, was convicted of larceny and had not been pardoned by the Governor. Both these petitions were dismissed on the 19th June. On the 23rd September sentence was imposed, and on the same day the defendants prayed an appeal "from the sentence imposed, because the Court erred in overruling the motion to strike out the verdict on account of the incompetency of the juror Holland."

It thus appears that the appeal is taken from the action of the Court in dismissing, on the 19th of June, the petition of Charles Busey and Michael Murphy to strike out the verdict. What was the state of the proof then before the Court the record does not show. On the 22nd June, three days after the ruling, an agreed statement of facts, together with an affidavit of Mr. Ruddell, was filed, but we do not know that these facts were offered in support of the petition.

Under these circumstances the motion to strike out the verdict is of an anomalous character. It cannot be regarded as a motion in arrest of judgment; because the reason assigned is one that is not apparent on the face of the proceedings. *Byers* v. *State*, 63 Md. 209.

If it be taken as a motion for a new trial, this appeal will not lie; because the granting or refusing such motions is entirely in the discretion of the lower Court. *Archer* v. *The State*, 45 Md. 457.

And if it be contended that the case is in this Court by petition, as upon writ of error, the appeal must be dismissed, because it is based upon extrinsic facts, which the record does not show, were before the Judge at the time the ruling complained of was made. *Green* v. *State*, 59 Md. 126.

Nor would the appellants' case be improved, even if it be conceded it is properly before this Court. By the agreed statement of facts it is admitted William Holland was convicted of larceny and has not been pardoned. Mr.

Ruddell deposes in the affidavit filed, "that after a jury was impanneled to try the said case a member of the police force of Baltimore City informed him that one of the jurors, William Holland, was convicted   *   *   of larcency, and that *he* (Ruddell) was not aware of that fact until so informed."

It is a general rule that if a party knows a cause of challenge and does not take it at the proper time, that is, while the jury is being impanelled, he cannot avail himself of the defect afterwards.   1 *Bishop on Crim. Pro.* sec. 793 ; *Johns* v. *Hodges*, 60 Md. 221 ; *Green* v. *State*, 59 Md. 123 ; *Thompson & Merriam on Juries*, sec. 303 and sec. 274, sub-sec. 2.

It is contended, however, that the defendants, at the time the jury was sworn, were ignorant of Holland's conviction. But there is no evidence of this in the record.   It does appear that Mr. Ruddell was ignorant of it, but not that the defendants, or either of them, did not have such knowledge. And even if it be conceded they were ignorant as stated, it would be immaterial in a case of this kind.   First, because they might have known it, *Johns* v. *Hodges* (*supra*), and secondly, because the conviction of larceny did not render Holland incompetent to act as a juror, though it was a ground for challenge, and this being so, it is not such a disqualification as is sufficient to set aside a verdict.   *Kohl* v. *Lehlback*, 160 U. S. 300.

In *Rex* v. *Sutton*, 8 Barn & Cress. 417, TENTERDEN, C. J., in deciding a motion for a new trial, "I am not aware that a new trial has ever been granted on the ground that a juror was liable to be challenged if the party had an opportunity of making his challenge.   *   *   *   We ought to be very careful in giving way to such an application, for if we must grant a new trial at the instance of a defendant after conviction, we must also do it at the instance of a prosecutor, where there has been an acquittal."

*Ruling affirmed.*

(Decided January 7, 1897).