CHARLES S. HANSEL, ET UX. *v.* WILLIAM C.
COLLINS, ET UX.

[No. 75, October Term, 1941.]

*Decided December 4, 1941.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Charles G. Watson for the appellants.*

*Walter C. Capper* for the appellees.

COLLINS, J., delivered the opinion of the Court.

Charles S. Hansel and Ella M. Hansel, his wife, appelants here, filed a second amended bill of complaint in the Circuit Court for Allegany County, in Equity, against William C. Collins and Ada B. Collins, his wife, appellees here. They alleged that they brought suit in trespass against the defendants No. 86 Trials October Term 1940, in the Circuit Court for Allegany County, that at the trial, while the plaintiff was presenting the case, a number of exceptions were reserved to the evidence but only four of these exceptions are noted in the transcript of the evidence, and that during the taking of defendant's evidence, twenty-five or thirty exceptions were reserved by the plaintiff but only three of these exceptions are noted in the transcript of evidence. The bill of complaint states at length in detail the failure to note the alleged exceptions. The bill also states that the foreman of the jury which tried the case, Harry W. Matthews, was a non-resident of the State of Maryland and a resident of the State of West Virginia at the time of serving on the jury in that case, and had been a resident of the State of West Virginia for about three years, that he was a registered voter and a property owner there and not qualified to serve on a jury in Maryland. The complainants allege that they had no knowledge of the disqualification of Harry W. Matthews until the third day of April, 1941, which was more than four months after the trial of the case. No fraud is alleged. The court was asked in the bill to enjoin the judgment, set same aside and declare it of no effect, that the plaintiff be declared entitled to a new trial, and for general relief. The defendants, appellees here, filed a demurrer and answer to the amended bill of complaint. The demurrer was overruled by the court

but no appeal was taken by the appellees from that ruling. After testimony was taken in open court on the bill and answer, the chancellor passed an order dismissing the bill of complaint and requiring the plaintiffs, appellants here, to pay the costs. An appeal is taken to this court from that order.

Testimony of several witnesses was offered by the appellants as to the failure of the court stenographer to note the exceptions taken in the trial below but it is evident that most of these witnesses did not know the difference between an objection and an exception and the testimony is, therefore, of little weight. William S. Jenkins, Esq., an attorney of Allegany County, who was associated in the trial of the case in the law court as one of the attorneys for the appellees, but who has no connection with this case, stated that he took notes of various things connected with the case, that he had carefully examined the testimony written up by the stenographer, and that to the best of his recollection, the record was correct. The court stenographer, Earl E. Manges, who took testimony in the case, had served as court stenographer for Allegany and Garrett Counties for eighteen months, was a graduate of a business school in Cumberland and of a school in Chicago which specialized in the training of court stenographers. He is also a member of the Bar of the United States Court of Appeals, of the District of Columbia, and of the United States District Court for the District of Columbia. He testified that he noted all of the exceptions taken and that being a member of the bar, he was particularly careful to note the exceptions as he realized the importance thereof and that the transcript of the record is correct. He also stated that he used a special court reporter's note book which is lined for the purpose of noting exceptions. Appellants, by the testimony offered, do not sustain the alleged failure of the court stenographer to note the exceptions. Furthermore, the court of law being the trial court was authorized to correct the record if it found any error occurred, and plaintiffs could have had any errors corrected during

the trial or afterwards when a hearing was held on a motion for a new trial. No fraud is alleged or proved. Equity cannot amend the common-law record in this case. This Court said in *Greff et al. v. Fickey et al.*, 30 Md. 75 at page 78: "The court of original jurisdiction, in which the proceedings were had, must of necessity decide as to the correctness of its own records; this court has no power upon an appeal either to review its decision, or to undertake to determine in what respect a record transmitted to us is erroneous, or to correct it; to do so would be to violate one of the plainest maxims of the law, which forbids the verity of a record to be impeached by extrinsic proof." *State, Use of Nesbitt et al. v. Logan,* 33 Md. 1.

From the testimony, it is shown that Harry W. Matthews, the foreman of the jury which tried the case, lived in Allegany County until the year 1938 when he moved to West Virginia, registered as a voter there in April, 1940, and has owned property in that state since 1935. He was not assessed for any property in Maryland at the time he was drawn on the jury but his name was on the Registration Books of Allegany County where he was still a registered voter and where he had been a registered voter for about twenty years. All of the time that he had been living in West Virginia he has been working in Allegany County, Maryland. Appellant made no contention and produced no evidence that the non-residence of the juror was in any way prejudicial to a proper verdict by the jury. Appellant could have made proper inquiry and objected before the juror was sworn which he did not do, but waited until over four months after he had lost the case to present this matter to the court, nor has he shown that his rights were prejudiced by the service of this juror. In the criminal case of *State v. Glascow,* 59 Md. 209, at page 212, where this Court refused to quash an indictment because a member of the general panel was a non-resident of Baltimore City, the juror not being among those drawn as grand jurors, the court said: "The selection of so large a number as

200 names is to provide against bias or other improper influence in securing the juries to be taken therefrom; and if every irregularity or mistake in the selection of so great a number of names, with the liability to error incident to their very number and the elaborate process of the drawing, though the mistake may be such as operates no injury in the composition of the juries, is to be availed of to invalidate those bodies; the present jury law, so beneficial in design, will be turned into a fruitful resource for violators of the law." *State v. McNay*, 100 Md. 622, 60 A. 273; *Green v. State*, 59 Md. 123, 43 *Am. Rep.* 542.

The case of *Johns v. Hodges et al.*, 60 Md. 215, 45 *Am. Rep.* 722, was a civil case involving the validity of a will tried before a jury. After the verdict was rendered, it was discovered that two of the jurors were under the age of twenty-five years and a motion for a new trial was filed alleging that the verdict was void and illegal upon that ground and also that the defendant was ignorant of that fact at the time the case was tried. The judge in the court below refused the motion and he was affirmed by this court. In that case, Judge Ritchie said, at pages 220, 222 and 223 of 60 Md.: " 'It was competent for the defendant to have made the proper inquiries, and after having satisfied himself on the subject, to have made the objection before the juror was sworn, but this he neglected to do. He waited until he had lost his case. If a party to a suit may omit to make such inquiries until after a verdict has been rendered against him, and may then set it aside on discovery and proof of the existence of a good cause of challenge against any one of the jury, it would introduce an additional element of uncertainty in the administration of justice, and lead in many cases to great and unnecessary delay and expense.' * * * The fact that the party was not aware of the disqualification when the jury was empanelled is not material; because he might have known it. In the cases in 4 Dall. [*Hollingsworth v. Duane*, 4 Dall. 353, 1 L. Ed. 864], 3 Benedict [*United States v. Baker*, Fed. Cas. No. 14,499, 3 Ben. 68],

121 Mass. [*Wassum v. Feeney,* 121 Mass. 93, 23 *Am. Rep.* 258], and 40 Ga. [*Gormley v. Laramore,* 40 Ga. 253], just cited, the disqualification was not known when the juror was sworn. The case in 121 Mass., was very similar in its facts to those relied on by the appellant. The objection was to the infancy of the juror, which was unknown to the defendant until the time of making his motion to set aside the verdict. Gray, C. J., in delivering the opinion of the Court, fully reviews the decisions bearing on the subject. Lord Tenterden, in *Rex v. Sutton* goes so far as to say: 'I am not aware that a new trial has ever been granted on the ground that a juror was liable to be challenged, if the party had an opportunity of making his challenge.' "

The chancellor was correct in dismissing the bill of complaint.

*Order affirmed, costs to be paid by appellants.*