## RALPH H. ALEXANDER, Acting Insurance Commissioner of Pennsylvania *v.* R. D. GRIER & SONS COMPANY, Inc.

[No. 40, January Term, 1943.]

416

*Decided March 16, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Wesley E. Thawley,* with whom was *Ralph P. Dunn* on the brief, for the appellant.

*F. W. C. Webb,* with whom were *Woodcock, Webb, Bounds & Travers* and *Curtis W. Long* on the brief, for the appellee.

ADAMS, J., delivered the opinion of the Court.

This is an action at law instituted by the appellant (plaintiff below) as statutory liquidator of Keystone Indemnity Exchange, which was a reciprocal insurance exchange of the State of Pennsylvania. The defendant, R. D. Grier & Sons Company, Inc., is a corporation of the State of Maryland.

On May 18, 1933, the Court of Common Pleas of Dauphin County, Pennsylvania, ordered the liquidation of the said Exchange and on September 12, 1938, decreed that the subscribers to said Exchange holding policies issued between April 9, 1929, and May 18, 1933, should pay an assessment equal to one annual deposit premium on each such policy issued to them. Pursuant to this decree the plaintiff instituted this suit against the defendant to recover the assessment on twenty-two poli-

cies issued to the defendant during the period from April 9, 1929, to May 18, 1933. The aggregate of annual deposit premiums on these twenty-two policies in suit is $888.09.

After issue joined, the case came on for trial before the court and a jury. When the case was called for trial, before the plaintiff had made his strikes from the panel of jurors submitted to him, plaintiff made a motion to be permitted to examine the jurors upon their *voir dire*, which motion was overruled by the court and an exception noted. The jury returned a verdict in favor of the defendant and the exception of plaintiff to the refusal of the court to allow examination of the jurors on their *voir dire* constitutes the only exception on this appeal.

The exception was reserved at the beginning of the trial after the court had instructed the clerk to hand a panel of twenty jurors to counsel and before plaintiff had exercised his right to make four strickes from the panel of twenty. The motion was as follows:

"Your Honors, I want to make a motion to examine the entire panel of petit jurors upon their *voir dire* as to whether or not they, or any of their immediate families, are assessables in the Keystone Indemnity Exchange."

The trial court overruled said motion, to which ruling plaintiff excepted. Thereafter plaintiff made four strikes from the panel of twenty jurors, the defendant did likewise and the jury were impaneled and sworn.

The question presented here is a very narrow one; namely, whether the court erred, to the prejudice of the plaintiff, in overruling plaintiff's motion to examine the entire panel of jurors on their *voir dire* before the drawing of twenty jurors from the panel to submit to the respective parties in the cause, to exercise their right to strike. The case is to be distinguished from those cases in which no request for *voir dire* examination was made and no attempt was made to challenge a juror for cause,

and it was discovered after verdict that some member or members of the jury impaneled. had been subject to challenge. Examples of such cases are: *Johns v. Hodges,* 60 Md. 215, 45 *Am. Rep.* 722; *Busey v. State,* 85 Md. 115, 36 A. 257; *Young v. State,* 90 Md. 579, 45 A. 531; *Hansel v. Collins,* 180 Md. 100, 23 A. 2d 1.

The very purpose of the *voir dire* examination is to afford the parties to the suit an opportunity to ascertain if there is cause for challenge of any prospective juror, and if the right is not exercised, the party failing to challenge any prospective juror and thereafter seeking to set aside a vedict on the ground that a juror was disqualified, carries a heavy burden of showing that grounds of challenge were unknown to him and could not have been ascertained in the exercise of reasonable diligence.

In *Johns v. Hodges,* 60 Md. 215, at page 222, 45 *Am. Rep.* 722, the court said: "That men may be, and are, summoned, who are not contemplated by the law as the subject of jury duty, is common experience. And as the consequences of such an error can be readily obviated by inquiry and challenge when they come to be sworn, it is laches not to avail of so simple and efficacious a means of protection, where prejudice is apprehended or may be rendered impossible, as examination and challenge before the jury is empaneled."

The case of *Busey v. State,* 85 Md. 115, 36 A. 257, is authority for the proposition that it is a general rule that if a party knows a cause of challenge and does not exercise it at the proper time, that is, while the jury is being impaneled, he cannot avail himself of the defect afterwards.

As in *Young v. State,* 90 Md. 579, at page 585, 45 A. 531, it was said: "* * * the general practice that prevails here, and in most, if not all, of the courts having our system of jurisprudence, is that challenges for cause must be made before the juror is sworn; and that rule is without exception in all cases where the party object-

ing to the qualifications of the juror had knowledge at that time of the circumstances tending to disqualify, or could have known of them by the exercise of proper diligence in making inquiries or otherwise; and if, with such knowledge, express or implied, he fails to make his challenge before the juror is sworn, it must be deemed to have been waived, no matter how good his cause of challenge may be."

Under our system of jurisprudence, the right to a jury trial of controverted issues, implies a trial by an impartial, unbiased and qualified jury. The great purpose of the right of chellenge, is to secure a fair and impartial trial. *Waters v. State,* 51 Md. 430.

A defendant has the absolute and unqualified right to have his case heard before a fair and impartial jury (*Newton v. State,* 147 Md. 71, 127 A. 123), and the purpose of examination of jurors is to determine possible cause for disqualification by reason of bias or prejudice or otherwice (*Cohen v. State,* 173 Md. 216, 195 A. 532, 196 A. 819) and no sound reason can be urged why bias or prejudice, whether for or against the challenging party, should not be sufficient cause for challenge. For bias or prejudice will prevent a fair and impartial trial, and it is well known that a conscientious juror, biased in favor of one of the parties to the suit, will frequently lean backwards in his efforts to stand erect, and so fail to decide the issues impartially.

The fact that a prospective juror in the instant case was an "assessable," or that a member of his immediate family was an "assessable," in the Keystone Indemnity Exchange, would in our opinion, create such bias or prejudice in his mind, that he could not reasonably be expected to decide between the parties with absolute impartiality, and no one could predict to which side his bias or prejudice would incline him. His financial interest would theoretically incline him in favor of recovery of verdict for the liquidator, for as established in the case of *Taggart, Insurance Commissioner v. Wachter,*

*Etc., Inc.,* 179 Md. 608, 21 A. 2d 141, the total claims against the Exchange were $300,000 and the total assessments against policy holders $2,843,233.23, so if the assessments were collected 100 per cent., there would be a substantial refund to the policy holders. On the other hand, the prospective juror might feel that the whole plan of assessment was unjust and inequitable and his sympathy be with the defendant policy holder. In either event, he would not, in our opinion, be an impartial juror and upon challenge by either party should be excused. The point is will illustrated by the case of *International Agr. Corp. v. Willette,* 120 Me. 423, 115 A. 170, 172, a suit by a fertilizer company for the price of fertilizer. The defense was that the fertilizer was adulterated and misbranded. A prospective juror was asked on *voir dire* if he had any claim against any fertilizer company for adluterated fertilizer. Court said: "What is meant by a person standing indifferent? Manifestly, that the mind is in a state of neutrality as respects the person and the matter to be tried; that there exists no bias either for or against, in the mind of the juror, calculated to operate upon him; that he comes to trial with a mind uncommitted and prepared to weigh the evidence in impartial scales."

While the record in this case contains no reference to the evidence in this case, the opinion in the case of *Taggart, Insurance Commissioner v. Wachter, Etc., Inc.,* 179 Md. 608, 21 A. 2d 141, shows that there were 4,818 residents of the State of Maryland in the class of "assessables," and in the appellant's brief it is stated that there are 300 suits instituted in Wicomico County against such "assessables." There was therefore sound reason to anticipate that some of the prospective jurors or their immediate families were "assessables," and it may be assumed that the ruling of the court prejudiced the plaintiff.

It is provided by Maryland Code, 1939, Art. 51, Sec. 5: "No person shall be selected to serve as a juror in

any court where he hath any matter of fact depending for trial at the same court he is selected to serve in, and no person having such matter of fact depending for trial shall be admitted as a qualified juror between party and party during the sitting of the court in which such matter of fact shall be or expected to be tried, and such disqualification shall be allowed as a good cause of challenge of any juror, but no verdict of a jury shall therefor be set aside or judgment thereon stayed, arrested or reversed."

And in 35 *Corpus Juris,* p. 333, the article on "Juries," Section 359, it is said: "Independently of statute a juror is incompetent on the ground of bias if he is a party to, or interested in, another suit of the same character or involving the same controversy * * *." See also *Stennett v. City of Bessemer,* 154 Ala. 637, 45 So. 890; *Jefferson County v. Lewis & Sons,* 20 Fla. 980; *Courtwright v. Strickler,* 37 Iowa 382; *May Elam,* 27 Iowa 365; *Wilder v. Louisville R. Co.,* 157 Ky. 17, 162 S. W. 557; *International Agr. Corp. v. Willette,* 120 Me. 423, 115 A. 170.

It is well settled in Maryland that the panel of twenty names submitted to the respective parties in a cause, for each party to strike four persons from the list should present twenty names beyond reach of challenge and the parties have the right to have their cause of challenge heard and determined before the list of twenty jurors is drawn. *Lee v. Peter,* 6 Gill & J. 447; *Hamlin v. State,* 67 Md. 33, 337, 10 A. 214, 301; *Lockhart v. State,* 145 Md. 602, 613, 125 A. 829.

Appellee argues that appellant should be deemed to have waived his right of examination on *voir dire* and challenge, because appellant must have known who were "assessables" and that he had three days after the panel of petit jurors was drawn and before the beginning of trial, to ascertain if any members of the immediate families of the jurors were "assessables." But with this contention we are unable to agree. This case is to be distinguished from those cases in which the alleged dis-

qualification of a juror was raised for the first time after verdict found. In such cases it is required that the party, seeking to set aside the verdict, satisfactorily establish that he did not know, and in the exercise of reasonable diligence could not have known of the disqualification. In the instant case the request to exercise the right of examination of the prospective juror was made at the proper time and the proposed inquiry was in our opinion a proper one. Under the circumstances it cannot be held that appellant waived any of his rights. Our conclusion therefore is that the trial court erred in refusing to permit the requested examination and that the judgment should be reversed and a new trial awarded.

*Judgment reversed and new trial awarded, with costs to appellant.*