## LARCH *v.* STATE

[No. 26, October Term, 1952.]

*Decided November 14, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Morgan L. Amaimo* for the appellant.

*Ambrose T. Hartman, Special Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *W. Dwight Stover, State's Attorney for Garrett County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment, based on a verdict by a jury finding the appellant guilty on January 13, 1952, of receiving stolen goods.

Before the trial, the judge ordered the clerk to give the jury list to the appellant and the State. The judge and counsel then went to the judge's chambers where the following occurred. Mr. Pagenhardt, attorney for the defendant, stated: "The defendant moves for a change of venue in each of the five cases now pending against him on the ground that public opinion is so aroused in Garrett County that it is bound to have an adverse effect on any jury that may be selected." When asked what affidavits he had with reference to prejudice in the community, defendant's attorney replied that he had one from Miss June Smith, a beautician, no relation to the defendant. Neither this affidavit nor the affidavit made by the defendant appears in the record before this Court nor in the transcript. Mr. Pagenhardt referred also to an article from the local newspaper

54

which might cause prejudice. This article does not appear in the record or the transcript and from the discussion in the judge's chambers it appears that it referred first to the juveniles charged with the larceny of the goods, and then referred to the defendant, Calvin Larch, who was charged with and indicted for receiving stolen goods from several of the juveniles. The change of venue was denied.

The appellant contends here that because of the affidavits from himself and Miss Smith and the newspaper article, the contents of none of these being before us, a change of venue should have been granted. Article 4, Section 8 of the Constitution of Maryland provides in effect that in all cases where the penalty is death, upon suggestion in writing under oath of either party that such party cannot have a fair and impartial trial in the Court in which the case is pending, the said Court shall transmit the case to some other Court having jurisdiction. In cases of penalties other than death "it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same." Code Article 75, Section 109 contains the same provisions. Chapter 69 of the Acts of the General Assembly of 1952, effective June 1, 1952, makes the removal mandatory in all cases "punishable by death or by imprisonment in the Maryland Penitentiary", where such suggestions are filed. Neither this Act of 1952 nor its constitutionality is before us in this case, as the alleged offense occurred before the effective date of that Act. The offense for which the appellant here is indicted provides for confinement in the penitentiary, or in the house of correction, or in jail. Code Article 27, Section 562.

In *Downs v. State,* 111 Md. 241, 73 A. 893, the appellant was charged with larceny and receiving stolen goods in Baltimore City. He filed a petition for removal of the cases and an affidavit that he could not have a fair and impartial trial in the court of first instance. In

the affidavit he also alleged that there was intense and bitter feeling against him in the community; that in the Baltimore newspapers it had been unqualifiedly and repeatedly represented that he was guilty of the charges; and that said newspaper accounts were prejudiced, sensational and false, composed largely of public interviews, statements, editorials and caricatures. The newspaper accounts were filed as exhibits. Also filed with the petition were seventeen affiadivts that for reasons assigned therein, the appellant could not have a fair and impartial trial in Baltimore City. After a hearing on the petition and argument of counsel the trial Court refused to remove the case because it did not satisfactorily appear that the appellant could not have a fair and impartial trial in that court. The appellant appealed to this Court. Here it was pointed out that because of abuse of the unqualified privilege of removal provided for in the Constitution of 1867, an amendment had been made providing that in non-capital cases "it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same". This Court there held that until it does so appear no such right of removal exists. After reviewing the affidavits and the newspaper clippings, a privilege we are not given in the instant case, this Court there held that the record did not show that the Court below abused its discretion. In the case at bar, from the record, there is nothing to justify the removal other than statements that there were affidavits from the appellant and a beautician and a newspaper article referring to the fact that the appellant was indicted for receiving stolen goods from several juveniles. This Court said in the case of *Downs v. State, supra,* 111 Md. at page 248, 73 A. at page 895: "in the absence of evidence to show that the Court below acted arbitrarily and abused or refused to exercise the discretion given it by the amendment, this Court cannot say that the removal should or should not have

been granted, and can only affirm the action of the lower Court". See also *Allers v. State,* 144 Md. 75, 78, 124 A. 399; *Newton v. State,* 147 Md. 71, 77, 127 A. 123; *Jones v. State,* 185 Md. 481, 485, 491, 45 A. 2d 350; *Baltimore Radio Show, Inc. v. State,* 193 Md. 300, 329, 67 A. 2d 497; *Auchincloss v. State,* 200 Md. 310, 314, 89 A. 2d 605, 606.

The appellant further claims that because the prosecuting witness in this case was on the petit jury panel for that term of Court, although not on the jury sworn to try the case, a change of venue was necessary. Appellant did not challenge the entire jury panel nor did he challenge any particular juror according to the record in this case. The only reference to the jury panel is the following statement made by his counsel in the judge's chambers: "The second ground [for change of venue] is that Ralph Pritts, one of the prosecuting witnesses, is a member of the petit jury panel. Even though he might not sit on the case this fact might have an adverse effect on other jurors". During the discussion in the judge's chambers it was brought out that the defendant was presented by the grand jury on March 11, 1952, and indicted the following day when he employed counsel. The jury panel was selected the later part of February, 1952. The petit jury panel which included Mr. Pritts was selected before the indictment was returned.

We have found no case and appellant's counsel admitted in this Court that he had found no case which held that the presence of a prosecuting witness on a petit jury panel constituted grounds justifying a change of venue or even a new trial, the latter not having been requested below. He relies strongly however on the case of *State v. Thompson,* 24 Utah 314, 67 P. 789. In that case a new trial was granted when a juror who was sworn and who was a member of the jury which actually sat in the case, on his *voir dire,* said he knew of no reason why he should be disqualified, when, as a matter of fact, it was shown that he was a director,

stockholder, and debtor of the company whose store the defendant was criminally charged with having burglarized. We see no similarity between that case and the one before us here, where the prosecuting witness was merely a member of the petit jury panel and did not sit on the case. Appellant here did not exercise his right of peremptory challenge as provided by Code Article 51, Section 19, and which right, as the crime for which he was indicted carried as a possible sentence confinement in the Maryland Penitentiary, could not have been denied him. *Turpin v. State,* 55 Md. 462; *Rogers v. State,* 89 Md. 424, 43 A. 922. It was said in *Busey v. State,* 85 Md. 115, at page 118, 36 A. 257: "It is a general rule that if a party knows a cause of challenge and does not take it at the proper time,—that is, while the jury is being impanelled,—he cannot avail himself of the defect afterwards". *Mitchell v. State,* 178 Md. 579, 588, 16 A. 2d 161; *Alexander v. R. D. Grier & Sons Co.,* 181 Md. 415, 418, 30 A. 2d 757.

Rule 9 of the Rules of the Court of Appeals and Code Article 5, Section 10 provides that "in no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below". *Cohen v. State,* 173 Md. 216, 234, 195 A. 532, 196 A. 819; *Davis v. State,* 189 Md. 269, 273, 55 A. 2d 702; *Swann v. State,* 192 Md. 9, 11, 63 A. 2d 324. Therefore the question as to whether the prosecuting witness should have been on the petit jury panel is not before us here. We cannot say that the trial judge acted arbitrarily or abused his discretion in refusing a change of venue, on the evidence before him and on the grounds relied on by the appellant. As we find no error the judgment will be affirmed.

*Judgment affirmed, with costs.*