J-S43027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ISRAEL E. SANABRIA, JR. | : | |
| | : | |
| Appellant | : | No. 679 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005974-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ISRAEL E. SANABRIA, JR. | : | |
| | : | |
| Appellant | : | No. 1081 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003824-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ISRAEL E. SANABRIA, JR. | : | |
| | : | |
| Appellant | : | No. 1082 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001822-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                : PENNSYLVANIA

             Appellee               :

                                     :

              v.                   :

                                     :

ISRAEL E. SANABRIA, JR.       :

                                   :

            Appellant             :           No. 1083 MDA 2023

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001990-2021


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                : PENNSYLVANIA

             Appellee               :

                                     :

              v.                   :

                                     :

ISRAEL E. SANABRIA, JR.       :

                                   :

            Appellant             :           No. 1084 MDA 2023

Appeal from the Judgment of Sentence Entered April 14, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003289-2022


BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:           **FILED: JANUARY 31, 2024**

    Appellant, Israel E. Sanabria, Jr., appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his jury trial convictions for aggravated assault and false identification to law

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

enforcement,[1] and open guilty pleas to various other offenses.  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 14, 2023, Appellant appeared before the court for a guilty plea/sentencing hearing on four trial court dockets, and for sentencing on a fifth docket, following his jury trial convictions.  Specifically, Appellant entered an open guilty plea at docket No. 5974-2019, to driving under the influence of alcohol or a controlled substance ("DUI"), driving under a suspended license ("DUS"), and restrictions on alcoholic beverages.  The court sentenced him to 72 hours to six months' imprisonment for DUI, a consecutive 6-12 months' imprisonment for DUS, and fines and costs for restrictions on alcoholic beverages.  At docket No. 3824-2020, Appellant pled guilty to fleeing or eluding a police officer, multiple counts of DUI, DUS, possession of a small amount of marijuana, careless driving, and other traffic violations.  The court sentenced Appellant to 9-23 months' imprisonment for fleeing or eluding, a consecutive 90 days to 12 months' imprisonment for DUI (with the remaining DUI offenses merging for sentencing), and fines and costs for the remaining offenses at this docket.

At docket No. 1990-2021, Appellant pled guilty to DUS.  The court sentenced Appellant to 6-12 months' imprisonment.  At docket No. 3289-2022, Appellant pled guilty to possession of a controlled substance

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 4914(a).

(methamphetamine) and DUS. The court sentenced Appellant to 3-12 months' imprisonment for the possession conviction and a consecutive 6-12 months' imprisonment for the DUS conviction. The court ran all sentences for each docket concerning the open guilty pleas consecutive to one another.

At docket No. 1822-2021, concerning Appellant's jury trial convictions, the court explained:

> For purposes of determining the sentence for the aggravated assault conviction, the [c]ourt determined that serious bodily injury was inflicted on the victim, namely breaking the facial bones in the cranium of the victim, which increased the offense gravity score ("OGS"). The [c]ourt considered the arguments of counsel, the pre-sentence investigation [("PSI")], prior protection from abuse actions filed against [Appellant], a letter from the victim, portions of which were read aloud to the [c]ourt by the Assistant District Attorney, [Appellant's] letters sent to the [c]ourt and [Appellant's] remarks.
>
> The [c]ourt sentenced [Appellant] to [7½] years to 15 years in state prison for the aggravated assault charge. For the false identification to law enforcement charge, [Appellant] received a sentence of 4 months to one year consecutive to the other count. The sentences were to be consecutive to all the other informations[, consistent with the Commonwealth's request at sentencing].
>
> The evidence at trial graphically depicted [Appellant's] assault on the victim, his girlfriend. The Commonwealth presented a surveillance video which was obtained from the motel where [Appellant] and victim were staying. The surveillance camera was located in the hallway where the elevator was located.
>
> The video began with the victim running down the hallway with no shoes and no coat. She got into the elevator but [Appellant] came after her and got into the elevator. He could be heard slamming her against the elevator wall. The video then showed [Appellant] dragging the victim out of

the elevator by her hair. He threw her on the ground after he had calmly counted down from five before doing so. While she was on the ground, [Appellant] again calmly counted down from five while telling her to get up or he would kill her. He is then seen winding a lanyard attached to [a] satchel, which was full of coins, around his wrist and then swinging the satchel into the victim's face as she tried to get up. As he struck the victim, coins were strewn throughout the lobby. [Appellant] counted down from five again and as [victim] finally got up and walked down the hallway with [Appellant], he could be heard saying, "see what you did."

The victim suffered fractures to her orbital bone and maxillary sinus. Her left ear was also re-injured from when she had presented at the emergency room early in the morning the previous day claiming she had fallen on ice. The victim testified at trial, however, that the initial ear injury was actually caused by [Appellant] and she lied about falling on ice.

[Appellant] testified that he…thought he was helping the victim to keep her from doing drugs and to keep her from humiliating herself. He claimed he hit her in the face with the bag of coins to get her attention. He further testified that the victim had a childish mind. On cross examination, [Appellant] denied that he caused the victim's injuries. He did admit that they had cocaine. Throughout his testimony he showed no remorse and he disparaged and blamed the victim.

On April 21, 2023, [Appellant] filed a Post-Sentence Motion to Modify Sentence which the [c]ourt denied on April 2[5], 2023. On May 3, 2023, [Appellant] filed his Notice of Appeal.[2] On June 9, 2023, [Appellant] filed his Statement of [Errors] Complained of on Appeal.

_____

[2] Appellant filed a single notice of appeal listing all five underlying docket numbers, in violation of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018). This Court subsequently directed Appellant to file amended notices of appeal at each underlying docket number, and Appellant complied. Thereafter, Appellant moved to consolidate the appeals, and this Court granted the consolidation request on August 14, 2023.

(Trial Court Opinion, filed 7/6/23, at 3-5) (internal citations and footnotes omitted).

Appellant raises one issue for our review:

> Did the sentencing court err by imposing consecutive sentences on criminal charges filed under informations 5974-19, 3824-20, 1990-21 and 3289-22 solely because [A]ppellant failed to accept responsibility for his behavior on unrelated criminal charges filed under information 1822-21?

(Appellant's Brief at 4).

Appellant argues that the court imposed consecutive sentences at all dockets solely because Appellant failed to accept responsibility regarding his jury trial convictions. Appellant asserts that at the sentencing hearing, he spoke exclusively about his relationship with the victim concerning those offenses. Appellant contends that he said nothing regarding the offenses to which he pled guilty. After Appellant spoke, Appellant emphasizes that the court expressly stated that it was imposing consecutive sentences at all dockets based on Appellant's lack of accountability for his behavior concerning the jury trial offenses. Appellant highlights the court's comment that had Appellant said nothing at all, the court would not have imposed consecutive sentences. Appellant submits that he accepted responsibility for his actions at the other criminal dockets to which he pled guilty. Appellant insists that the court's imposition of consecutive sentences on the dockets to which he pled guilty is not logically connected to Appellant's "poorly chosen in-court comments" regarding the jury trial convictions. (*Id.* at 12). Appellant

acknowledges that the court imposed an aggregate term of 7½ to 15 years' imprisonment for his jury trial offenses. Appellant challenges the court's imposition of consecutive sentences for the crimes to which he pled guilty because those crimes are not logically related to Appellant's jury trial convictions or Appellant's in-court comments regarding the jury trial convictions. Appellant concludes the court abused its sentencing discretion, and this Court must vacate and remand for a new sentencing hearing. We disagree.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of

the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011)).

Additionally:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment**.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (emphasis added) (internal citations and quotation marks omitted). ***See also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently).

Assuming an appellant can invoke our jurisdiction to review the claim, this Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*Commonwealth v. Walls*, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804

A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** If the sentencing court has the benefit of a PSI report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. ***Commonwealth v. Tirado***, 870 A.2d 362 (Pa.Super. 2005).

Instantly, Appellant filed a timely notice of appeal and preserved his sentencing challenge in a post-sentence motion and Rule 2119(f) statement. ***See Evans, supra***. Although Appellant relies on ***Austin, supra*** to support his assertion of a substantial question, we agree with the Commonwealth that Appellant has failed to raise a substantial question warranting our review. As ***Austin*** makes clear, any challenge to the imposition of consecutive sentences raises a substantial question only in the "most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***See Austin, supra*** at 808. Here, the court imposed an aggregate term of approximately 10 years and seven months' imprisonment to 23 years and five months' imprisonment. We cannot say the court's aggregate sentence for the multitude of Appellant's crimes across all five underlying dockets was unduly harsh here. ***See id.***

Even if Appellant raised a substantial question for our review, however,

he would not be entitled to sentencing relief. The trial court addressed

Appellant's issue as follows:

> …[Appellant's] character was fully brought to light through his allocution. He demonstrated that he is completely without remorse and feels justified beating a woman because the woman was bad and brought it on [herself].
>
> Despite the advice of his legal counsel to be brief, [Appellant] spoke for half an hour as was noted by the [c]ourt. Throughout the entire thirty minutes, [Appellant] denigrated the victim. Some of what he said included claims that the victim was prostituting, drug trafficking, setting people up to be robbed. [Appellant] stated that the victim was homeless by choice and injected $250 to $500 of drugs a day. [Appellant] further claimed that the victim stole thousands and thousands of dollars from him and he had suffered in a lot of ways. He also claimed that he did not cause her major injuries.
>
> At the conclusion of his allocution, the [c]ourt stated:
>
>> One of the first things you said was my attorney doesn't want me to say much. And, again, had you listened to counsel today, you may have done better. Had you stood up and said you had nothing to say, you likely would have done better today had you followed his good advice.
>>
>> But instead you decided to, once again, for reasons that make no sense to this [c]ourt, throw [the victim] under the bus. And for reasons that make no sense to this [c]ourt tried to deny the fact that you struck a helpless woman on her knees in the face with a weapon. How you can possibly stand before this [c]ourt and look at me straight faced and say you ought not to be held accountable for striking the woman in the head and breaking her facial bones, it's shocking to this [c]ourt that you could take that position.
>>
>> And as a result of that, the sentence I'm about to impose will run consecutively to the others. And,

again, I want to be clear, you did that to yourself this very day. Because that wasn't going to happen except to see someone so lacking in remorse for such outrageous and horrible conduct to a woman, a helpless woman in our society.

To which [Appellant] replied, "she's not helpless."

The [c]ourt went on to observe that [Appellant] is 43 years of age and completed 12 years of … school and received a high school diploma. He has incredibly poor work history only having worked productively for two years in his 43 years. The [c]ourt further noted that [Appellant] has a prior record that included felony stalking, harassment, threat to use weapon of mass destruction, and numerous indirect criminal contempts from violating five different PFAs where [Appellant] violently attacked numerous women.

The presentence report was considered as well as the sentencing guidelines including the enhanced guideline for the serious bodily injury that the victim suffered. The [c]ourt emphasized the sheer lack of remorse that [Appellant] continued to fail to show and his continued manipulation of the victim. Based on this, the [c]ourt ordered that the sentences imposed on the two counts were to run consecutive to each other and consecutive to the other criminal informations.

All of the sentences imposed were within the standard guideline range. The [c]ourt carefully considered all of the statutory factors and fashioned an individualized sentence. Based upon [Appellant's] own words as well as his pre-sentence investigation, it was evident that [Appellant's] past mental health treatment has not helped [Appellant] recognize his culpability for his own behavior. Because of his utter remorselessness and lack of insight, [Appellant] poses a threat to society and particularly women when he is not incarcerated.

In his Post-Sentence Motion, [Appellant] contends that running the unrelated "driving charges" and the assault conviction consecutive to one another "unfairly punishes him for charges that were unrelated to one another." The [c]ourt, however, is not required to impose the minimum

> possible confinement. … As has been often stated, there is no "volume discount" on multiple convictions by the imposition of concurrent sentences.

(Trial Court Opinion at 7-9) (internal citations and footnote omitted).

At the outset, we observe that the court imposed consecutive sentences for each of Appellant's open guilty plea dockets **before** Appellant spoke at sentencing regarding the jury trial offenses. Thus, Appellant's remarks at sentencing compelled the court to impose the sentences for the jury trial convictions consecutive to the previously-imposed consecutive sentences for the open guilty pleas. To the extent Appellant suggests that the court only imposed consecutive sentences across the open guilty plea dockets based on Appellant's remarks, the record belies that claim.

Further, the record supports the court's statements that Appellant demonstrated a complete lack of remorse concerning his actions against the victim of his aggravated assault conviction. It is of no moment that Appellant's comments at sentencing related only to the jury trial convictions and not the offenses to which Appellant pled guilty. Appellant's comments made clear to the court that a lengthier sentence of incarceration was necessary to protect the public. (**See** N.T. Sentencing, 4/14/23, at 63) (court indicates that Appellant is "a woman beater" and "someone that our society must be protected from" and "a lesser sentence would depreciate the seriousness of the crime"). **See also** 42 Pa.C.S.A. § 9721(b) (providing court shall consider when sentencing protection of public, gravity of offense as it relates to impact

of victim and on community, and rehabilitative needs of defendant). The court also had the benefit of a PSI report, so we can presume the court considered all relevant factors. **See Tirado, supra**. On this record, we cannot say that the court abused its broad sentencing discretion. **See Walls, supra**; **McNabb, supra**. Therefore, even if Appellant had preserved his sentencing claim, it would merit no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/31/2024</u>