GREGORIO CORDOVA V. THE STATE.

No. 23245. Delivered November 21, 1945.
Rehearing Denied December 19, 1945.

20

The opinion states the case.

*Fryer & Milstead,* of El Paso, for appellant.

*Roy C. Jackson,* District Attorney, and *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of forty-five years.

There is only one bill of exception in the record in which appellant complains of the action of the trial court in overruling his motion for new trial based on the following grounds: First, that the evidence is insufficient to support his conviction; second, that the District Attorney, prior to the time of the trial, advised his attorney that if he (appellant) would plead guilty

he (the District Attorney) would recommend a five-year sentence, but this proposition was not communicated to him by his counsel; and third, that his counsel, W. J. Bryan, was not at the time of the trial physically able to protect him in his legal rights and urge proper objections and exceptions to some of the proceedings, etc.

The evidence adduced at the time of the trial shows that on the night of December 31, 1944, appellant and his brother-in-law went to what is referred to as the Barrel House, a beer saloon, where they sat on stools and drank some beer; that while thus engaged, Bernardino Hernandez came to the counter, stepped between appellant and his brother-in-law, ordered a glass of wine and then made some ugly and vulgar remarks to and concerning appellant; that he (Hernandez) then stepped back but soon returned, accompanied by another party who struck appellant on the nose and mouth, causing blood to flow rather freely. Appellant then went home, procured a gun, came back, shot through the glass of a swinging door and killed Jose Hernandez.

The foregoing is a brief summary of the salient facts proven on the trial. It is our opinion that the evidence is sufficient to sustain the jury's verdict.

His next contention is without merit. If his attorney failed to inform him of the District Attorney's suggestion, it is no legal ground for a new trial. Moreover, he does not claim that if the matter had been submitted to him by his attorney that he would have accepted it. Consequently, there is not merit in his contention.

His third contention is equally without merit. If his attorney felt that he was not able to properly and efficiently conduct the defense for appellant he should have made it known to the court and asked for a continuance or called in some other attorney to assist in the trial, but this he failed to do. However, the court, on the hearing of the motion, heard evidence relative to the complaint therein set forth, and upon conclusion of the evidence overruled the same. We see no reason whatever for disturbing his judgment under the broad discretionary power vested in him by law.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this cause deals at length with the evidence on a motion for new trial and particularly the question raised as to the incapacity of the appellant's attorney to properly conduct his case at the time of trial. The evidence was considered by the trial court and his order overruling the motion for a new trial conclusively shows that he found against the appellant on the question of fact thus presented. When the trial court has passed on a question of fact this court is without authority to set that aside in the absence of a showing that he has abused his discretion. The motion embraces the contention that the overwhelming evidence is in his favor. In the state of the record the finding of the trial court on this question is conclusive and the motion for rehearing herein will be denied.