## AUCHINCLOSS *v.* STATE

[No. 189, October Term, 1951.]

 

*Decided June 13, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *C. John Serio* and *Joseph D. DiLeo* for the appellant.

*Ambrose T. Hartman, Special Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Arthur W. Dowell, State's Attorney for Calvert County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was tried and convicted by a jury in the Circuit Court for Calvert County on a charge of abortion, and sentenced by the court to three years in the Maryland Penitentiary and to pay a fine of $500.

The first error assigned is in the refusal of the court to order a change of venue. In his petition the appellant alleged that he could not have a fair and impartial trial in Calvert County because he was engaged in the real estate business in that county and was one of the founders of a newspaper published there; that as business manager of that paper he was "widely known throughout said county as being connected with said local newspaper * * * which has conflicted with business and political interests in Calvert County". The docket entries show

that the petition was opposed by the State and that there was a hearing thereon, but the transcript does not show what, if any, evidence was presented in support of the petition.

Article 4, Section 8 of the Maryland Constitution, in regard to cases not involving a capital offense, provides that "it shall be necessary for the party making such suggestion to make it satisfactorily appear to the court that such suggestion is true, or that there is reasonable ground for the same". We cannot find, on the bald allegations of the petition, that the court abused its discretion. The mere fact that a local newspaper, of which the accused was business manager, had "conflicted with business and political interests", would not conclusively establish that the accused could not have a fair trial in that county, even if it could be said to make out a *prima facie* case. "In the absence of evidence to show that the court below acted arbitrarily and abused or refused to exercise the discretion given it by the amendment, this court cannot say that the removal should or should not have been granted, and can only affirm the action of the lower court.'" *Downs v. State,* 111 Md. 241, 248, 73 A. 893, 895. See also *Allers v. State,* 144 Md. 75, 78, 124 A. 399 and *Newton v. State,* 147 Md. 71, 77, 127 A. 123.

The appellant next contends that the trial court erred in not directing a verdict for the defendant "of its own volition". He admits that there was no motion for directed verdict, but contends that "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the court should direct a verdict in favor of the defendant." He also asks that we review the jury's error in returning a verdict against the evidence and the weight of the evidence. Of course we cannot substitute our findings for those of the jury.

As pointed out in *Shelton v. State,* 198 Md. 405, 412, 84 A. 2d 76, 79, although the jury in a criminal case is still the judge of the law as well as the fact in

Maryland, by amendment to Article 15, Section 5 of the Constitution of Maryland, effective December 1, 1950, "the court may pass upon the sufficiency of the evidence to sustain a conviction". The exception does not in terms confer a right of appeal, but by Section 655A, Article 27 of the Code, as enacted by Chapter 596, Acts of 1949, it is provided that "at the conclusion of the evidence for the State the accused may request an instruction that the evidence is insufficient in law to justify his conviction. If the instruction is refused, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his request for such instruction. The request for such an instruction may be renewed at the end of the whole case. If such an instruction is refused the defendant may appeal from such ruling to the Court of Appeals of Maryland". The procedure specified in the statute is repeated in Rule 5A of the Criminal Rules of Practice and Procedure, with a provision that authorizes the court to instruct a verdict of not guilty, to be entered by the Clerk rather than rendered by the jury, where such an instruction is granted.

It is perfectly clear from the constitutional amendment and the supplementary statute that appellate review is predicated upon the refusal of an instruction offered and a ruling thereon by the trial court. In this respect the statute and the rule follow the analogy to Rule 9 of the Rules Respecting Appeals, of long standing and general applicability, and Rule 4 of the Trial Rules of Practice and Procedure applicable in civil cases. Cf. *Wright v. Baker*, 197 Md. 315, 319, 79 A. 2d 159, 161, *Smith v. Carr*, 189 Md. 338, 339, 56 A. 2d 151 and *Schley v. Merritt*, 37 Md. 352, 360. In the absence of any request for an instruction there can be no review of the sufficiency of the evidence. Since the question is not before us, we deem it unnecessary to discuss the State's contentions that the appellant has failed to print in his appendix material evidence to support the convic-

tion, and that there is abundant evidence in the record to take the case to the jury.

It is hardly necessary to add that in no event could this court undertake to pass upon the weight of the evidence or decide whether guilt has been shown beyond a reasonable doubt, in a jury trial. *Shelton v. State, supra,* 198 Md. at page 412. Even in a non-jury trial, where the scope of review is somewhat wider (*Diggins v. State,* 198 Md. 504, 84 A. 2d 845), it has been held that the degree of proof is for the trier of the facts. *Edwards v. State,* 198 Md. 132, 158, 83 A. 2d 578, 581; *Estep v. State,* 199 Md. 308, 310, 86 A. 2d 470, 471.

The appellant contends that the court erred in refusing his motion for a new trial. Of course, upon the hearing of such a motion the trial court may consider the weight as well as the sufficiency of the evidence. But it has long been established in Maryland that when the motion has been heard on the merits the granting or refusal of such a motion is not reviewable. *Wilson v. State,* 181 Md. 1, 8, 26 A. 2d 770 and cases cited; *Newton v. State,* 193 Md. 200, 202, 66 A. 2d 473. Cf. *Snyder v. Cearfoss,* 186 Md. 360, 367, 46 A. 2d 607.

Finally, the appellant contends that his case was prejudiced by certain alleged remarks made by the State's Attorney, Mr. Dowell, during the course of the trial, although he admits that there is nothing in the transcript to support his statement that such remarks were made. He prints in his appendix two affidavits by Erva Auchincloss and Anthony Tirinato, who state that they were present at the trial seated directly behind the State's Attorney who was about ten feet from the jury box. During the examination of the prosecuting witness as to the nature of the instrument used by the accused, when the witness was slow in answering, they heard Mr. Dowell "state in a side-remark, 'she knows damn well what it was'." Again, when the witness had been asked how the accused had used a certain tube, and the witness did not reply, Mr. Dowell remarked: "She knows damn well what he did with the tube. He

stuck it in her." At one point Mr. Bowie, attorney for the appellant at the time but not on this appeal, "addressed the court stating 'that Mr. Dowell refrain from making these side remarks within hearing of the jury', or words to that effect", but Mr. Dowell "continued this course of conduct for the greater part of the trial."

The State submits two affidavits, one by Mr. Dowell who swears that he made no such statements and that Mr. Bowie, who sat beside him, made no objection to the court and had no occasion to do so. The official court reporter, who was closer to Mr. Dowell than the latter was to the jury, swears that he recorded every comment and objection made by counsel, all colloquy between counsel and the court, and that the transcript is full and complete. Finally, the transcript contains a certification by Judge Gray, who presided, stating that Mr. Dowell was seated "at the right end of the trial table, about twelve feet from the nearest member of the jury, and a slightly less distance from the chair occupied by the court. The reporter was seated approximately five feet from Mr. Dowell and almost directly in front of him. Mr. Bowie, who chiefly conducted the case for the defense, was seated at Mr. Dowell's left about five feet away. During the examination of Miss Casey a member of the Metropolitan Police Force of Washington, D. C. was seated immediately at the right of Mr. Dowell and on several occasions Mr. Dowell conferred with this officer, in whispered conversation. Such conversation was not audible to the court, and I do not believe it was audible to the jury. The court did not hear any 'side remark' by the State's Attorney as set forth in the affidavit of Mrs. Auchincloss and Anthony Tirinato. At no time did any member of counsel for the defense interpose any objection concerning any such remark, nor was any motion made with respect thereto."

As we said in *State v. May*, 196 Md. 152, 159, 75 A. 2d 839, 842: "Appellate review is much older than court stenographers. In England judges' notes long did, and to a large extent still do, serve this purpose".

.

Rule 18 of this court, relating to appeals, specifically provides that "if any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by the court and the record made to conform to the truth". The filing of such a memorandum by the trial judge in answer to an affidavit of the appellant was approved in *Francies v. Debaugh*, 194 Md. 448, 458-460, 71 A. 2d 455, 459, 460.

If we assume, without deciding, that the remarks attributed to Mr. Dowell were prejudicial in their nature, we cannot find on the record that the remarks, not heard by the stenographer or the trial judge, were in fact heard by the jury, if, in fact, they were made at all. In any event, the certification is positive that no objection was raised by counsel for the accused, and thus the trial court had no opportunity to correct the error by an instruction to the jury or otherwise. In the absence of objection and a ruling thereon by the trial court there is nothing before us to review.

*Judgment affirmed, with costs.*