## STRINE *v.* STATE

[No. 115, October Term, 1953.]

340

*Decided April 26, 1954.*

The cause was argued before BRUNE, ·C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph G. Lindamood, Jr.,* with whom was *Joseph A. DePaul* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Edward D. E. Rollins, Attorney General, W. Giles Parker, Assistant Attorney General,* and *Carlyle J. Lancaster, State's Attorney for Prince George's County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment and sentence for receiving stolen goods.

The appellant, together with George C. Cole and George A. Branson, was charged by the grand jury for Prince George's County in an indictment containing three counts with the larcency of and unlawfully receiving a motorcycle on June 25, 1953. Messrs. Cole and Branson were eliminated from the case. Appellant's case was tried before the trial judge and a jury. The appellant was found not guilty of larceny but guilty of receiving stolen goods. From that judgment and sentence on that verdict he appeals to this Court. He contends that his request for a directed verdict should have been granted by the trial judge.

At the end of the State's case, the appellant made a motion for a directed verdict under Maryland Rule 5A, of the Criminal Rules of Practice and Procedure. This motion was refused by the trial judge. The appellant then put on testimony in his defense and at the end of the whole case, he renewed his motion for a directed verdict. The appellant, defendant, argues that without the testimony offered in defense, there was no evidence to show that the alleged crime was committed in Prince George's County, but admits that venue in Prince George's County, was shown in the testimony offered by him. He further contends that the word "renew" in the rule means that, after he had offered his testimony in defense and renewed his motion for a directed verdict, the trial judge "had to consider the motion as though no evidence had been presented by the appellant in defense." We can find no authority to sustain appellant's contention.

In Maryland in the absence of a request for an instructed verdict there can be no review by the court of the sufficiency of the evidence before the jury. *Auchincloss v. State,* 200 Md. 310, 314, 315; *Hendrix v. State,* 200 Md. 380, 391. Maryland Rule 5A, *supra,* provides as follows: "Directed Verdict—Entry By Court. (a) At the conclusion of the evidence offered by the State the accused may request an instruction that the evidence is insufficient in law to sustain his conviction of the

offense or offenses charged in the indictment or information, whether charged by way of separate counts or as a matter of law under a single count. If the requested instruction is refused, the accused may offer evidence without having reserved the right to do so, *but by so doing, he withdraws his request for such instruction.* The request for such an instruction may be *renewed* at the close of the whole case." (Italics supplied). Code 1951, Article 27, Section 700.

Rule 29(a) of the Federal Rules of Criminal Procedure provides: "Motion for Judgment of Acquittal. Motions for directed verdicts are abolished and motions for judgment of acquittal shall be used in their place. The Court on motion of the defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right." According to the advisory committee's notes, the change from directed verdict to judgment of acquittal is purely one of nomenclature, which "does not modify the nature of the motion or enlarge the scope of matters which may be considered." 4 *Barron and Holtzoff*, Sec. 2221.

Under Rule 29(a) of the Federal Rules of Criminal Procedure, *supra,* a motion for acquittal has taken the place of a motion for a directed verdict. Except for this change, and the terminology of Maryland Rule 5A about withdrawing his request for such instruction and the motion being "renewed", Federal Rule 29(a) is substantially the same as Maryland Rule 5A. The Federal cases indicte that under Rule 29(a), if the defendant moves for acquittal after the close of the prosecution's evidence, and his motion is denied, he "waives" or "abandons" this motion by proceeding to introduce his own evidence. He may make a subsequent motion after

the close of all evidence, but in appealing from a refusal of this second motion, only the second motion and not the first will be considered. A case very similar to the one here on the question presented is *Gaunt v. United States,* 1 Cir., 184 F. 2d 284, *Cert.* denied, 340 U. S. 917. In that case the defendant was being tried for a wilful attempt to evade income taxes. At the close of the government's case, the defendant moved for acquittal on the ground that the Government had failed to prove "wilfullness" by sufficient evidence. This motion was denied, and the defendant then proceeded to offer evidence in his own behalf. At the close of all the evidence, the defendant made another motion for acquittal. This motion was also denied. On appeal, the defendant argued that even if he had supplied the missing element of the Government's case by his own testimony, the failure of the trial court to grant his first motion was reversible error. In affirming the trial court, the Court of Appeals said: "At the outset it must be pointed out that the defendant by offering evidence on his behalf elected to abandon his motion for acquittal made at the close of the Government's case and to rely upon a subsequent motion to the same effect made at the close of all the evidence, *United States v. Goldstein,* 2 Cir., 168 F. 2d 666, 669, 670; *Mosca v. United States,* 9 Cir., 174 F. 2d 448, 450, 451, and cases cited which he made, so that this later motion is the only one for consideration on this appeal. Hence the sufficiency of the evidence as a whole to establish the defendant's wilfulness must be considered, not merely the sufficiency of the evidence offered by the Government alone on that issue."

Defendant presented his testimony to the jury, although he was not required to do so. In *Wright v. State,* 198 Md. 163, in discussing Rule 5A, *supra,* and Article 15, Section 5, of the Constitution of Maryland which gives the Court the power to pass upon the sufficiency of the evidence, it was said at page 170: "If there is any evidence before the jury on which to base a conviction, this Court will not disturb the verdict and will

not inquire into or measure the weight of the evidence, for in such a case a request for a peremptory direction for a verdict of not guilty or similar advisory instruction is properly refused." See also *Shelton v. State*, 198 Md. 405, 411, 412; *Auchincloss v. State, supra; Chisley v. State*, 202 Md. 87, 93, 95 A. 2d 577, 579.

We are of opinion that, under the plain language of Rule 5A, *supra*, the right given to the appellant to renew his request for a directed verdict at the close of the whole case contemplates that the Court must review all of the evidence in the case, both that of the State and of the defendant.

*Judgment affirmed, with costs.*