## BULLUCK *v.* STATE

(Two Appeals in One Record)
[No. 113, September Term, 1958.]

68

*Decided February 16, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and OPPENHEIMER, J., Associate Judge of the Supreme Bench of Baltimore City, specially assigned.

*Nelson R. Kandel* for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *Thomas C. Nugent* and *James Price, Assistant State's Attorneys,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Two appeals in one record bring up for review judgments and sentences of death, imposed in one case after conviction by the court without a jury, and in the other after a jury had found a verdict of guilty.

In the first case a medical student at Johns Hopkins returned in the early hours of a July Sunday from a Saturday night party at the home of friends, parked her car and started into the house in the 1000 block of North Broadway where she stayed. A negro followed her into the vestibule and there raped her. The appellant was arrested the next day but released when the victim did not pick him from a line-up. The following February, a negress, a housewife and the mother of five children, was raped in the vestibule of her home in the same general neighborhood. Again the appellant was arrested. He made admissions to the police which linked him to both rapes and was charged with both.

In the first case appellant makes four points: (a) because the case turned on his being identified as the rapist, the refusal to grant his request that all witnesses be sequestered before he was called upon to stand and plead, was prejudicial error; (b) the trial court erroneously allowed a police detective to read from the transcription he had made at the time appellant gave a statement; (c) it was not shown the victim was raped; and (d) appellant was not identified as the attacker.

Judge Sodaro responded to the request for exclusion of witnesses from the courtroom by instructing the clerk to arraign the accused, and after the plea of not guilty was made, granted the motion. The purpose of the sequestration of witnesses has been said to be to prevent them from being

taught or prompted by each other's testimony. 6 Wigmore on *Evidence,* Sec. 1838, p. 352. Wigmore, in the same volume, says in Sec. 1840, p. 360, that the time for sequestration begins with the beginning of testimony and ends when it ends. Formerly it was held that the matter was to some extent discretionary with the trial court, with a right to review on appeal for abuse of discretion. *Jones v. State,* 185 Md. 481, 489. Now Maryland Rule 737, under the title "Trial", provides that the court at the request of a defendant or the State shall order that the witnesses be excluded from the courtroom until called to the stand. If identification is a crucial or important factor in a case, exclusion of witnesses, before the accused is put physically in a position where it is apparent that he is the accused, may be necessary for his proper protection.

We assume, without deciding, that the appellant's request should have been granted, but we think no prejudicial error resulted from its denial. The prosecuting witness could not testify that the accused was the man who attacked her; she could say only that he closely resembled the man who did, which is what she had said earlier of his photograph which she picked from police files. Obviously, she was not helped to positive identification by the fact that, presumably, she saw the accused stand for the arraignment, and he was not prejudiced.

There is no substance to appellant's claim that Detective Rawlings should not have been allowed to testify with the aid of the notes he had made in his own hand at the time the accused gave his statement, written down as he gave it. The statement was not offered; the court did no more than allow Detective Rawlings to refresh his recollection of what the accused had said. This is proper. *McGuire v. State,* 200 Md. 601, 606; *Basoff v. State,* 208 Md. 643, 652; *Burgess v. State,* 161 Md. 162, 169. Furthermore, Detective Keifer, who was present when the accused made his statement, testified without objection that he had told the two detectives just what Rawlings had testified he had.

Appellant argues that the trial court was clearly wrong in reaching a verdict of guilty on the evidence before him. Al-

though at the trial appellant conceded that the prosecuting witness had been raped by someone, he now claims that the evidence was insufficient to establish rape. Despite the concession, Judge Sodaro required the prosecuting witness to establish that she had been raped, and she testified fully as to all the necessary elements of force and accomplishment.

The evidence as to the identity of her assailant included various indications that appellant was the guilty man. The victim picked his photograph from hundreds shown her by the police as one closely resembling her attacker. At the trial the victim said there was no light in the vestibule except that coming through the door of the house, which hampered positive identification, but she picked out the appellant as one who resembled her attacker "very closely." The wife of the accused, who was pregnant at the time of the rape, told police that her husband had not come home until daybreak on the morning of the day of the crime. Under cross-examination, she admitted that what she had told police was so, after denying on direct examination both the making of the statement and the fact. The appellant, when arrested the day after the crime, was wearing the same trousers he had worn the night of its occurrence. On them were stains which he admitted to be, and which were analyzed as, semen stains. He explained the stains as having come from another act of intercourse with a prostitute, an explanation the trier of fact was not required to accept. The appellant, when arrested in February, was questioned about the July rape. At first he denied any knowledge of it, but later reconsidered and, in the words of Detective Rawlings, "said he would tell us about it." His version was that about 1:30 A. M. he was walking in the 1000 block North Broadway when he saw a white woman get out of a car and start toward a house, that they started to talk and she asked him if he would like to kiss her and invited him into the vestibule where, at her request, he kissed and fondled her but did not complete the act of intercourse because he heard someone coming, and left.

The evidence was enough to permit the trier of fact to be convinced beyond a reasonable doubt that the prosecuting witness had been raped and that the accused did it. In *Berry*

*v. State,* 202 Md. 62, 67, we said: "* * * the inquiry is not merely whether a crime has been committed but also whether the defendant is the guilty person. The connection of the accused with the offense need not, however, be so strong as to amount to demonstration. If reasonable probability is found the evidence is admissible. * * * Its sufficiency is then for the judge or jury passing on the facts. Proof beyond a reasonable doubt upon the evidence as a whole is the measure they must require in order to convict, and it is a problem addressed to their judgment and conscience. The appellate court need not be convinced beyond a reasonable doubt in order to sustain a conviction; it has in the ordinary case a somewhat more restricted role. It is enough on appeal if the court is persuaded that the trial judge, applying the established tests could fairly be convinced beyond a reasonable doubt of the guilt of the accused." To the same effect are *Jenkins v. State,* 215 Md. 70; and *Clay v. State,* 211 Md. 577. We noted in *Merchant v. State,* 217 Md. 61, 70, that it is clear that the admissions of an accused showing identity, corroborated and implemented by circumstantial evidence, may be enough to support a finding of guilt. We do not find the trial court to have been clearly wrong in his verdict.

We turn to the second case. Again the attack was early in the morning in a vestibule in East Baltimore. The victim identified the appellant and testified as to facts which, if believed, established that she had been raped by him. Appellant gave a signed statement to police in which he admitted attempting to have relations with the prosecuting witness in the vestibule, at her suggestion.

Appellant's contentions in this case are that the evidence was insufficient in law, that it was error to allow a police detective to testify that the victim picked the appellant from a line-up as the man who raped her, that the jury charge was erroneous because the court did not instruct them that they were bound by his instruction not to raise a presumption against the accused because he did not take the stand (even though, as he told them, they were judges of the law as well as the facts), and finally, that the court erred in considering a psychiatric report after conviction and prior to

sentence, because the doctor who made it was not subject to cross-examination on his opinions set out therein.

We deal with the contentions *seriatim.* We are precluded from considering the sufficiency of the evidence because appellant did not renew his motion for a directed verdict at the close of the entire case. Maryland Rule 738; *Auchincloss v. State,* 200 Md. 310; *Strine v. State,* 204 Md. 339; *Briley v. State,* 212 Md. 445; *Braxton v. State,* 214 Md. 370. Because of the seriousness of the matter we note that our review of the record persuades us that there was ample evidence to enable the jury to find as they did.

It is somewhat difficult to understand fully appellant's second contention. It would seem it is that the detective's testimony that he saw and heard the victim identify the accused in the line-up as her assailant was hearsay and inadmissible. The appellant was only eight feet from the detective and the victim when she cried out loudly as she came in the door: "there is the man there." Even if the accused did not see or hear the identification, the testimony was clearly admissible. *Judy v. State,* 218 Md. 168, 172, *et seq.,* and cases cited. *Basoff v. State,* 208 Md. 643.

The appellant did not object to the court's advisory instructions nor request that the charge be amplified. Therefore, there is nothing before us to review under Maryland Rule 739 unless under paragraph g of the rule, we should of our own motion "* * * take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors." Again, because of the seriousness of the case, we note that we find in the charge no error "material to the rights of the accused."

Appellant's final contention as to the consideration of the medical report before sentencing has no merit. The report played no part whatever in the determination of guilt or innocence as one did in *Farrell v. State,* 213 Md. 348. In *Driver v. State,* 201 Md. 25, 31, we pointed out that in considering the proper sentence the judge may consider information concerning the convicted one's health, habits, propensities and record, even though obtained from persons whom the defendant has not been permitted to confront or cross-ex-

amine. Medical reports are information which may be so considered. *Lowery v. State,* 202 Md. 314, 321.

The judgments appealed from must be affirmed.

*Judgments affirmed.*