MARTEL *v.* STATE

[No. 37, September Term, 1959.]

296

*Decided January 20, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Harry Goldman, Jr.,* with whom were *Whitlock & Goldman* on the brief, for the appellant.

*Robert C. Murphy, Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Robert S. Rothenhoefer, State's Attorney for Frederick County,* and *Edward J. Lynch, Deputy State's Attorney,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Pierre Edward Martel was convicted by a jury in the Circuit Court for Frederick County of larceny after trust. He

tells us on appeal that there was no evidence before the court that the crime was committed in Frederick County, and that he was deprived of due process of law because he was held in jail for some months without having been brought before a magistrate, and because of procedural irregularities in the proceedings before trial.

Not one of the grounds relied on was raised below and not one is available to the appellant here.

Martel, as the bartender of the Jeffersonian Democratic Club of Frederick, was the custodian of the bar change fund of $200.00 and the collector of dues from the members. The moneys of which he had charge were kept in a metal box which he took home each night when he finished work. On December 21, 1958, he took the box containing about $300.00 home with him, but did not report for work on Monday, December 22, as he was supposed to do. He says he was on the way to work in his car with the box after having drunk four beers, when a stranger asked him to push his stalled car. He refused, but started to drive the man to a gas station. The stranger offered him a drink, which he took, and that was the last thing he remembered until he woke up several hours later on a street in Baltimore, sans car, box and money save thirty-five dollars. He looked for his car for two hours and then, realizing he was "in trouble" because he "had been careless with the money and it was gone," registered at a hotel in Baltimore under the name of O. Martel of Holyoke, Massachusetts. He says he stayed in the hotel for nine days, coming out once a day for a meal and to look for his car. Finally, he telephoned his girl friend, with whom he had been living as man and wife, and was persuaded to return to Frederick, where he surrendered to police who had a warrant for his arrest.

The State showed that on the afternoon of December 22 Martel purchased two fifths of whisky and twelve bottles of beer at a liquor store in Frederick and paid for the purchase with a twenty dollar bill, and that the car with the empty box, with only a few cents in change in it, had been found in Bethesda, Maryland, some time in January. Martel had never notified either the Baltimore or Frederick police that

either the car or the box was missing. He denied that he had purchased the liquor on Monday, December 22, saying the purchase had been made on the previous Friday.

When Martel surrendered to the police in Frederick, he was placed in jail on December 31. On the following February 19, the grand jury indicted him for the larceny of $350.00. On February 27, he pleaded not guilty. The court asked him if he had counsel and he replied that he had attempted to secure a lawyer whom he named but was unable to do so because he had no money. Thereupon, the court appointed as his counsel the lawyer whom he had wanted to represent him, one who has had wide experience in the trial of criminal cases. (He is not of counsel on appeal, other lawyers having been appointed for this aspect of the case.)

The indictment did not charge the place of offense and, on March 10, 1959, after the appointment of counsel, it was stetted when a petition was filed by Martel representing that he was confined in the Frederick County jail charged "with the offense of larceny after trust and grand larceny, said offenses allegedly having been committed in Frederick County, Maryland," and saying that "he desires to waive his right of action by the Grand Jury and requests trial for aforesaid charges before the Circuit Court for Frederick County on criminal information to be filed by the State's Attorney for Frederick County, Maryland, which said criminal information shall formally set forth the charges against him," and prayed that he be given an early trial. The motion was signed by his lawyer, as the statute, Code (1957), Art. 27, Sec. 592, expressly says may be done.

On March 13 Martel was arraigned in open court and pleaded not guilty. The trial took place that day. At the conclusion of the case, both sides told the court they had no request for instructions to the jury, and Judge Schnauffer told the jury only that if they found from the evidence and the law presented to them that the defendant was guilty as charged, "your verdict will be guilty," but if, on the other hand, they did not feel the State had proven the charge, the verdict should be not guilty. There was no exception to the charge and no request for amplification.

Since Martel did not ask for a directed verdict and took no exception to the court's instructions to the jury, the question of the sufficiency of the evidence to support the finding of the jury, that he did in fact voluntarily convert his employer's funds, contrary to Code (1957), Art. 27, Sec. 353, is not open on appeal. *Harris v. State,* 219 Md. 405; *Bulluck v. State,* 219 Md. 67.

Appellant is not helped by claiming that it was not proven that venue properly was laid in Frederick County. The matter is not jurisdictional in the fundamental sense so that the question could be raised at any time and reviewed on appeal as in *Bowen v. State,* 206 Md. 368, 375, where it is reiterated that an offense against the laws of the State of Maryland can be punished by a Maryland court only when committed within its territory. Rather, the question is one of venue. There is no evidence that appellant was ever out of the State. His own testimony was that he blacked out in Frederick and woke up several hours later in Baltimore. In embezzlement, the rule is that proper venue is the county where the act of appropriation or conversion took place, or where the intent to embezzle was formed, or where the property was entrusted, or where the accused is under an obligation to account. *Bowen v. State, supra;* 18 Am. Jur. *Embezzlement,* Sec. 65. Almost always in the case of embezzlement, the determination of guilt must be inferential. There was evidence here from which the jury could find that any one, or all, of the necessary standards were met as to Frederick County. The money was entrusted to Martel there and it was there he was under an obligation to account. It could be inferred that the intent to convert and the actual conversion took place on the afternoon of December 22 in Frederick County from, among other things, the fact that he was seen buying liquor in Frederick Monday afternoon, at a time when the evidence permitted the inference that he had unpaid financial obligations, and the fact that he had the money in Frederick that afternoon and did not have it that evening in Baltimore. Since the case was submitted to the jury by Martel on the testimony as presented, without objection, its de-

cision of guilty is conclusive against him on this point. *Breeding v. State,* 220 Md. 193, 200 ("venue may be established by circumstantial evidence"); *Strine v. State,* 204 Md. 339, 343.

Inasmuch as there was evidence from which the jury could have found the crime charged was committed by the accused in Frederick County, we need not pass upon whether Martel had waived his right to raise the question of venue (as opposed to jurisdiction) by his petition asking for a quick trial on information on the charge of larceny after trust in Frederick County and by pleading to the information charging him with that crime in Frederick County, and by offering no evidence on the point except a general denial of guilt by a claim that he had been careless but not dishonest. *Kisner v. State,* 209 Md. 524, 527 ("There is nothing new or startling in the proposition that although jurisdiction of the subject matter cannot be conferred by consent, venue or jurisdiction of the person may be waived in a criminal case.") and Code (1957), Art. 27, Sec. 606 ("* * * nor shall any judgment * * * be stayed or reversed for the want of a proper or perfect venue, when the court shall appear by the indictment, inquisition or presentment, or by the statement of the venue in the margin thereof to have jurisdiction over the offense * * *.") See also Maryland Rules 725 b and 885.

Martel argues that he was deprived of fundamental legal rights (a) in not being given a preliminary hearing and a speedy trial; (b) because his indictment and subsequent arraignment were not in conformity with the law and he was not given a copy of the indictment; (c) in that he was entitled to have his case resubmitted to the grand jury; (d) because he did not receive a copy of the information and was not arraigned thereon; and (e) because the information did not precede indictment. The short but complete answer to these contentions is that none of them was raised below and they cannot now be considered by this Court, under Maryland Rules 725 b and 885. *Briley v. State,* 212 Md. 445; *Harris v. State,* and *Bulluck v. State, supra.*

The right to a speedy trial is waived by going to trial without objection on the point. *Kirby v. Warden,* 214 Md. 600;

*Jackson v. Warden,* 218 Md. 652; *Lenoir v. State,* 197 Md. 495. There was a clear waiver as to objections to the indictment when it was stetted by the State as a result of Martel's decision to seek a speedy trial on information on the charge of larceny after trust. There could be no clearer waiver of any possible right to have his case resubmitted to the grand jury than his own seeking to have the trial on information. Any right to jury indictment, was waived by his plea to the information, his going to trial and his defense at the trial without raising the point, as was the claim he was not arraigned on the information (the docket entries show that he was). *Jordan v. State,* 221 Md. 134; *Heath v. State,* 198 Md. 455; *Jackson v. Warden, supra.* Similarly, since here, as generally, the purpose of the preliminary hearing would have been to prevent Martel's being committed for grand jury action on groundless charges (*Williams v. State,* 214 Md. 143, 154), his election to dispense with grand jury action and be tried on information must necessarily amount to a waiver of the hearing preliminary to such action.

There is no merit to Martel's argument that because the request for trial by information was not filed until after the indictment had been brought the information could not be used. Although the statute, Code (1957), Art. 27, Sec. 592, contemplates as a customary procedure the use of the information before indictment, an accused may avail himself of its remedial procedures after the indictment has been returned and subsequently stetted. *State v. Batson* (Mo.), 96 S. W. 2d 384, referred to in *Heath v. State, supra.* In *Lenoir v. State, supra,* the court said (p. 506 of 197 Md.), as is true of the contentions here: "The short answer to all of the appellant's contentions is that no valid objections were raised at the trial * * *. This was largely the appellant's own choice, since he elected to take the stand and put his version and interpretation of his admitted acts before the jury." The appellant, in his brief and at the bar, earnestly pressed upon us that we should grant relief from the results of his waivers below and asked us to apply, in effect, the philosophy inherent in the words of Rule 739 g as to re-

302

view of errors in the charge not claimed at the trial, that "the Court of Appeals of its own motion may take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors." As Judge Markell, for the Court, suggested in *Madison v. State,* 200 Md. 1, whatever other meanings the quoted words may have, they do not include appellate alleviation of consequences unfortunate to the accused resulting from his choice of trial tactics.

*Judgment affirmed.*