WOODELL *v.* STATE

[No. 227, September Term, 1959.]

*Decided July 1, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John F. McAuliffe,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County,* and *Stewart Sweeney, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

James C. Woodell, the appellant, was found guilty by a jury in the Circuit Court for Montgomery County on a charge of larceny of certain surveying instruments and was sentenced to two years' imprisonment. He appeals and contends that the evidence was insufficient to support the conviction, that the trial judge erred in questioning the appellant and that the court's instructions to the jury were erroneous in two respects. The State contends that because no appropriate motions or objections were made in the trial court with regard to any of these matters, none of the appellant's contentions is properly before this Court. The appellant concedes that there are a number of decisions of this Court holding that in the absence of a motion for a directed verdict made below and not withdrawn, this Court may not review the sufficiency of the evidence under Maryland Rules, Rule 738, and Article XV, Sec. 5 of the Constitution of Maryland. He omits reference to Code (1957), Art. 27, § 593, which is also here pertinent. (See *Auchincloss v. State,* 200 Md. 310, 89 A. 2d 605; *Leet v. State,* 203 Md. 285, 100 A. 2d 789; *Strine v. State,* 204 Md. 339, 104 A. 2d 601; *Bowen v. State,* 206 Md. 368, 111 A. 2d 844; *Briley v. State,* 212 Md. 445, 129 A. 2d 689; *Braxton v. State,* 214 Md. 370, 135 A. 2d 307; *Jackson v. State,* 214 Md. 454, 135 A. 2d 638; *Reddick v. State,* 219 Md. 95, 148 A. 2d 384; *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433; *Reynolds v. State,* 219 Md. 319, 149 A. 2d 774; *Martel v. State,* 221 Md. 294, 157 A. 2d 437.) The appellant seeks to avoid the application of the rule requiring a motion for a directed verdict to be made or renewed on the ground that his trial counsel was appointed by the court and was not employed by him. From this fact he argues that such an

attorney acts primarily as an officer of the court and that no true agency relationship was created between attorney and client, and hence that any omission of his court appointed counsel should not be charged against him.  He also urges that failure of his trial counsel to renew his motion for a directed verdict at the conclusion of all the evidence (such a motion having been made and denied at the conclusion of the State's case) "is indicative of a failure to provide the defendant with competent representation by counsel, and consequently a deprivation" of his right to counsel under Article 21 of the Declaration of Rights and under Maryland Rules, Rule 723 b.[1]  (He makes no mention of Art. 23 or of the Fourteenth Amendment.)  This line of argument is directed to the question of the sufficiency of the evidence, but would also seem relevant as to the other questions which the appellant seeks to raise, notwithstanding the absence of appropriate objection.  As to the other points the appellant claims that the alleged deficiencies in the instructions can be reviewed under the clause of Rule 739 g, authorizing this Court "of its own motion" to "take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors."  The precise basis upon which he asserts a right to a review of the court's questioning of the defendant is not clear.

Before going into what we take to be the appellant's major contentions, we shall take note of one contention which he seems to concede was rejected by *Bowen v. State, supra.* This contention (which, so the appellant states, was raised by the appellant's brief in *Bowen*) is that Rule 738 a, which, he says, "has the effect of denying an accused appellate review of the sufficiency of the evidence when a motion for a directed ver-

---

1. Article 21 of the Declaration of Rights states, in part: "That in all criminal prosecutions, every man hath a right * * * to be allowed counsel." Rule 723 b (the applicability of which we shall assume but need not decide) provides for the appointment of counsel "in all capital cases or other serious [criminal] cases" if the defendant appears in court without counsel and does not elect to proceed without counsel. As to the construction of Article 21, see *Warden v. Palumbo,* 214 Md. 407, 411, 135 A. 2d 439, and cases therein cited.

dict is not made or renewed, is unconstitutional as being in derogation of Article XV, Section 5 of the Maryland Constitution, as amended in 1950, in that the rule attempts to restrict a comprehensive constitutional right." The opinion in the *Bowen* case is adverse to the validity of such a contention, but does not specifically discuss it. We find no merit in this contention. The 1950 amendment, which empowered the trial court to direct (not merely to advise) a verdict for the defendant because of the legal insufficiency of the evidence, does not in terms confer a right of appeal. That right is conferred by what is now § 593 of Article 27 of the Code (1957), and that section predicates the right of appeal upon a motion for a directed verdict having been made at the end of the State's case, or, if then overruled and waived by the defendant's offering evidence, upon its having been renewed at the close of all the evidence. See *Auchincloss v. State, supra,* 200 Md. at 315. Rule 738 a provides for the making of the above motions (substantially in the words of the statute), but it neither grants nor attempts to limit the right of appeal conferred by the statute. That would seem to dispose of this contention. We may add that the right of appeal is a creature of the statute, and not of the constitutional amendment. It was actually the statute, much more than the rule, which the appellant attacked in *Bowen,* though the appellant's brief in the instant case does not so indicate, nor does his brief, in terms, purport to attack the validity of the conditions which the statute has attached to the exercise of the right of appeal which it creates. The attack made in *Bowen* was not successful.

We now turn back to the appellant's contention that his objection to the sufficiency of the evidence should be considered by this Court, notwithstanding the fact that his motion for a directed verdict was not renewed at the close of all the evidence, because his trial counsel was court appointed. The statute itself suggests no exception where the attorney who omits to make the motion happens to be court appointed; and we see no basis upon which such an exception could be read into it.

The appellant relies strongly upon the case of *State v.*

*Williams,* 9 Houst. 508, 18 A. 949 (1890), in the Court of Oyer and Terminer of Delaware. There, in passing upon a motion for a new trial, the court said (18 A. at 951): "Here the court[s] have power to assign counsel to perform the service they would otherwise feel bound to take upon themselves. He is thus a sort of a substitute for themselves, and his omissions should be viewed by the court, in the exercise of its discretion in granting or refusing new trials, more favorably than if he had been employed by the prisoner himself for his defense." How far such an approach may be applicable where, as in the instant case, we are confronted with a statute which does not purport to confer any discretion, is at best very doubtful. The broader scope of review in this State on a motion for a new trial than on appeal, particularly as to matters resting upon the sufficiency of the evidence, has recently been commented upon by this Court in *Johnson v. State,* 219 Md. 481, 483, 150 A. 2d 446.

Cases outside of this State which have dealt with this matter of greater leniency with regard to errors or omissions of court appointed counsel appear to have generally involved the granting of new trials. See annotations in 24 A. L. R. 1036 and 64 A. L. R. 436, and see also *Appellate Review in a Criminal Case of Errors Made Below Not Properly Raised and Reserved,* 23 Miss. L. J. 42, 56; Comment, *Quality of Counsel in Criminal Cases,* 8 Ark. L. Rev. & Bar Asso. J. 484, where a number of cases are collected, though there do not appear to be a great many cases bearing directly on this subject. There are a great number of habeas ·corpus or Post Conviction Procedure Act cases in this State alone where incompetence of counsel is alleged (often, we may interpolate, with no apparent regard for facts), and in many such cases this Court, in denying relief, has commented on the fact that counsel under attack was of the defendant's own selection. Generally speaking, such cases are due process cases, which present a different problem that will be referred to later.

We see no sound reason for drawing a distinction between the effect of errors or omissions of court appointed counsel and those of counsel employed by the defendant. The argument advanced by the appellant here that there is no true

agency as between the client and his attorney where the attorney is appointed by the court and is not selected and employed directly by the client, is not convincing to us. The relationship of attorney and client can be and, we think, is as effectively established where counsel for an indigent defendant is appointed by the court as where he is employed by a solvent defendant at his own expense. If this were not so, the appointment of counsel for indigent defendants would be largely a solemn farce. We believe that modern requirements for the appointment of counsel for indigent defendants and provisions for their payment at public expense, such as we have in this State, contemplate full representation and do not contemplate that the trial court shall act as a kind of associate trial counsel for a defendant represented by court appointed counsel or that the defendant so represented shall be accorded some greater protection or leniency than that accorded a defendant represented at his own expense by counsel of his own choosing.

We agree with these views expressed by the Supreme Court of Georgia in *Fambles v. State,* 97 Ga. 625, at 628, 25 S. E. 365: "Attorneys are officers of court, and such officers are presumed to do as the law and their duty require them. When an attorney is appointed by the court to defend a person accused of crime, who is unable to employ counsel, it is his duty to do so; and it is to be presumed that he will discharge his full duty in the premises. It is also to be presumed that the court, in appointing counsel for this purpose, will appoint attorneys who have sufficient skill and learning to defend the accused properly."

The obligation of the court to appoint counsel competent to handle the case in question has been frequently recognized. See, for example, *People v. Blevins,* 251 Ill. 381, 96 N. E. 214; *Castro v. State,* 196 Ind. 385, 147 N. E. 321 (dictum); *Wilson v. State,* 222 Ind. 63, 51 N. E. 2d 848; *Johnson v. U. S.,* 110 F. 2d 562 (D. C. Cir.). Cf. *Powell v. Alabama,* 287 U. S. 45. As a number of Illinois cases cited in the Comment above referred to in 8 Arkansas L. Rev. and Bar Asso. J. (at p. 487) will show, each case turns largely on its own facts. Some States have, however, held that there can be no reversal

of a conviction because of the incompetence of counsel—a view which does not seem to depend upon whether counsel was employed by the defendant or was appointed by the court. *Cordova v. State*, 190 S. W. 2d 826 (Tex. Crim. App.) ; *Sayre v. Commonwealth*, 194 Ky. 338, 238 S. W. 737 ; *State v. Dreher*, 137 Mo. 11, 38 S. W. 567; *State v. Benge*, 61 Ia. 658, 17 N. W. 100. Massachusetts has taken the view that the alleged incompetence of trial counsel is usually largely a question of trial tactics and that there should not be a reversal for any errors therein. *Commonwealth v. Dascalakis*, 246 Mass. 12, 27, 140 N. E. 470. The court there observed: "Perfection cannot be demanded even if a standard of perfection could be formulated."

In *Madison v. State*, 200 Md. 1, 8-9, 87 A. 2d 593, this Court has taken the view, where as a matter of trial tactics, objections were not made during the trial, that it is "without authority to review errors in trial tactics of defense counsel or to speculate as to possibilities that different tactics might have produced a different result." And see *Grammer v. State*, 203 Md. 200, 215, 100 A. 2d 257.

The appellant has not made any contention that he has been denied due process, unless it can in some manner (not apparent) be extracted from his invocation of Article 21 of the Declaration of Rights. (See Note 1, *supra*.) He makes no mention of Article 23 or of the Fourteenth Amendment. Assuming, however, that the absence of due process might be considered, notwithstanding the lack of proper objection below, and notwithstanding failure to raise it by his brief in this Court, we find nothing to suggest that he has been deprived of due process through the alleged incompetence of his trial counsel in not renewing the motion for a directed verdict. The only claimed defect in the proof is lack of identification of the surveying instruments stolen as those described by serial numbers in the indictment. We think the evidence was sufficient, for this purpose, if such identification was required.

The appellant asks us to review the propriety of a question asked of the defendant by the trial judge, notwithstanding the absence of any objection to the question at the time or motion

to declare a mistrial. The basis for this requested review is that the question is alleged to have been so prejudicial to the defendant that no objection could have cured it—only declaring a mistrial would have sufficed. The short answer is that a mistrial was not requested. Cf. *Brown v. State,* 220 Md. 29, 150 A. 2d 895. A longer answer is that we do not agree with the appellant's contention that the question did necessarily indicate the judge's disbelief in one of the appellant's answers or her belief in his guilt. We are, therefore, not persuaded that the defendant suffered any such prejudice from the question (if any at all) as would have called for granting a motion for a mistrial, or that failure to object was anything more than a matter of trial tactics, which would afford no ground for reversal. See the *Dascalakis, Madison* and *Grammer* cases, above cited.

As to failure to object to the court's instructions the attack shifts to the provisions of Rule 739 g, under which this Court may correct any plain error material to the rights of the accused, even though not included in the assignment of errors. We have examined the court's instructions and find no occasion for the application of the Rule sought to be invoked.

*Judgment affirmed.*